F3N8BURC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4           v.                          15 Cr. 73 (RMB)

5   EVGENY BURYAKOV,

6               Defendant.

7   ------------------------------x

8                                       March 23, 2015
                                        11:05 a.m.
9
    Before:
10
                    HON. RICHARD BERMAN
11
                                        District Judge
12
                        APPEARANCES
13
    PREET BHARARA
14      United States Attorney for the
        Southern District of New York
15  ADAM FEE
    ANNA SKOTKO
16      Assistant United States Attorneys

17  LATHAM & WATKINS
        Attorneys for Defendant
18  BENJAMIN NAFTALIS
    IRINA SIVACHENKO
19

20  Also present:  YANA AGOUREEV, Russian interpreter

21

22

23

24

25

F3N8BURC

1          (Case called)

2          THE COURT:  So the last time we were together for a

3    conference we had, and we have today, a Russian language

4    interpreter, but on standby I guess.

5          So, Mr. Buryakov, my understanding is that you

6    understand everything we are saying.  But if you don't and you

7    want to turn to the interpreter, you're welcome to do that.

8    OK?

9          THE DEFENDANT:  Yes.

10          THE COURT:  So a couple of items that I have, just

11    really principally one and some scheduling issues.

12          Back on March 13 I received a fax in chambers from the

13    government.  There was no information on the fax transmittal

14    about what they were transmitting, but enclosed with the fax

15    was a document called protective order pertaining to

16    unclassified information, and it had the signature of one of

17    the defense counsel on it.  I guess I am being asked -- I

18    understand that I would in the normal course -- to so order

19    this protective order.  But I thought it was worthwhile to have

20    you here in court today so we could place on the record, first

21    from the government, in summary detail what this is about and

22    what you're looking for, and then I will turn to the defense,

23    and just to make sure, Mr. Naftalis, that you have discussed

24    this in detail with Mr. Buryakov and he is OK with it.

25          This order does not consider what we call classified

F3N8BURC

1    information, it is specifically directed at unclassified

2    information, but let me hear from the government as to what it

3    is and what you would like me to do with it.

4          MR. FEE:  Thank you, your Honor.

5          As your Honor mentioned, this is a proposed protective

6    order relating to unclassified discovery in this case.  We had

7    mentioned at the initial appearance before your Honor that this

8    would be coming.

9          To give it some context, the protective order is

10   relatively limited.  Under the terms of this order, the

11   defendant would receive all of the discovery in electronic form

12   for review at prison; he is at the MCC right across the street.

13   And, of course, defense counsel will receive all the discovery

14   in electronic form.  And for those things that can be produced

15   in hard copy, they are free under this order to print them out

16   in hard copy.

17         What the protective order principally does, and I will

18   briefly explain the cause, the reason why we are seeking this

19   from the government's perspective after this, it principally

20   limits it in two ways, the discovery.  Number one, it restricts

21   what the defense can do in terms of distributing discovery to

22   anyone outside of the defense team, meaning counsel and others

23   assisting them and obviously the defendant.

24         THE COURT:  It also limits the defendant in that

25   regard as well.

1          MR. FEE:  It does, of course.  And all of its

2    protections or restrictions apply to counsel and the defendant

3    or any other member of the defense team.

4          The second meaningful restriction is it takes a

5    portion of the discovery and essentially provides that hard

6    copies of that portion of the discovery cannot be provided in

7    hard copy to the defendant within the prison.  It makes a

8    distinction between parts of the discovery in this case,

9    meaning there are some things under this order he would not be

10   permitted to have hard copies of; there are some things he

11   could have hard copies of.  We have agreed with the defense to

12   give them notice, via discovery production letter, of what

13   those things are.

14         I can say in the initial production of discovery in

15   this case, there are really two things that this order would

16   limit the defendant's ability to obtain hard copies of in the

17   prison.  It is search warrant affidavits in this case, as well

18   as the transcripts of certain audio recordings relating to

19   co-conspirators of the defendant.  And to be clear, he will

20   have all of that in electronic form, just not hard copy.

21         The good cause here, in general terms, is there are

22   sensitive materials in this case -- conversations involving

23   what the government believes are foreign intelligence agents

24   operating in New York City in the search warrant affidavits and

25   in other materials; there are discussions by an FBI agent about

1    some of the techniques used by the FBI to uncover the

2    activities of these agents; and, of course, the content of the

3    conversations themselves is sensitive in that it talks about

4    what these foreign agents are doing here in the United States.

5              For that reason, your Honor, we are seeking a

6    protective order.  We are seeking those specific but limited

7    restrictions on the hard copies simply because if hard copies

8    of those materials are introduced into the prison facility,

9    even if it were something other than the defendant himself

10   wishing to sort of put them in the stream, they can be taken,

11   they can be removed from his cell, they can be removed from the

12   prison library by others, even by accident or the malfeasance

13   of someone other than the defendant, and at that point they are

14   in the stream of information and certainly beyond our control.

15             THE COURT:  To be sure, and you said this before, he

16   gets to see them whether they are electronic or hard copy; it's

17   not as if you're trying to keep any of this information from

18   Mr. Buryakov or his counsel.

19             MR. FEE:  Correct, your Honor.  He gets everything.

20             I should say most of the discovery, in relative terms

21   nearly all of it, is in a form that couldn't even be reproduced

22   in hard copy -- video surveillance, audio recordings; pictures

23   which could be printed, but most of it is not in that category.

24             Thank you, your Honor.

25             THE COURT:  Mr. Naftalis, the fax that I referred to

1  before came to chambers and it was dated -- signed, first of

2  all, by Marja Barton?

3          MR. NAFTALIS:  I think it's actually my signature.

4          THE COURT:  That's your signature, Benjamin Naftalis,

5  and dated March 13, 2015.  Is that right?

6          MR. NAFTALIS:  Yes.  I think the government

7  transmitted it to you, but that is my signature and date.

8          THE COURT:  It says that you agreed and consent to

9  this protective order.  I want to make sure that you conferred

10 with Mr. Buryakov before you signed it and went over it with

11 him so he understands what it says.

12         MR. NAFTALIS:  Yes, your Honor.  My colleague and I

13 have met with Mr. Buryakov about the protective order.  We have

14 reviewed the limitations that would be placed on his review, or

15 actually his access to certain hard copy materials, though they

16 will be on the electronic hard drive, and we are comfortable

17 with that.

18         One request I would make now -- I had raised with the

19 government before -- is because most of the materials in this

20 case are on a hard drive, I am foreseeing that there is going

21 to be an issue with his being able to review it in a timely way

22 given the limited number of hours at the library.

23         THE COURT:  The limited number of hours that they can

24 use computers?

25         MR. NAFTALIS:  Exactly.  And since he, unlike most

F3N8BURC

1    everyone else there, can't bring stuff back to his cell, we

2    would ask that he be given additional time at the library so he

3    can review it in a proper fashion.

4         THE COURT:  I am going to leave that for the moment to

5    you and Mr. Fee, and Adam Johnson, I guess, or whomever to work

6    that out.  Those are the kinds of things that usually counsel,

7    working with counsel for the BOP, can work out.  Then if it

8    doesn't work out, you will let me know.

9         MR. NAFTALIS:  I am just flagging it for you.  I have

10   talked to the government about it.

11        THE COURT:  Mr. Buryakov, you have been over this

12   protective order with Mr. Naftalis, is that right?

13        THE DEFENDANT:  Yes, your Honor.

14        THE COURT:  And he signed it, but you agree to its

15   terms and conditions as well?

16        THE DEFENDANT:  Yes, I do.

17        THE COURT:  Thank you very much.

18        It does not need to be signed by the government

19   because it's presented by the government, is that right?

20        MR. FEE:  Correct, your Honor.

21        THE COURT:  But you would sign it also.

22        MR. FEE:  By its terms, parts of it are binding by the

23   government.

24        THE COURT:  We might add a signature line here today.

25        MR. FEE:  If you would like, I am happy to sign it on

F3N8BURC

1    behalf of the government.

2           THE COURT:  So much for that.

3           So I have two other issues.  One is, I meant to ask

4    the last time and I didn't, Mr. Buryakov is charged in part in

5    a conspiracy, right?  Is it correct to understand that some

6    members or alleged members of that conspiracy have left the

7    country and are not subject to this criminal proceeding; is

8    that your understanding?

9           MR. FEE:  Your Honor, it would be safe to say in this

10   proceeding that the other two named defendants in this

11   indictment are at large.  I do not expect to have any imminent

12   presentments of those two defendants at this time.

13          THE COURT:  Are those ones who enjoy immunity of some

14   sort?

15          MR. FEE:  It gets a bit complicated.  When they were

16   in the United States, my understanding is they did enjoy or

17   benefit from a form of diplomatic immunity.  Were they to be

18   outside of the United States, again, my understanding is that

19   if they were outside of the United States and did not have any

20   official status here, they would not benefit from it.

21          THE COURT:  Then the other issue is this.  We have on

22   the calendar, I believe, a conference scheduled for later this

23   week.  Do we need to have that conference or should we adjourn

24   that further for a longer time?  It's up to you.

25          MR. FEE:  Your Honor, I will speak only for the

1  government.  I expect you will hear the same from Mr. Naftalis.

2  I would ask the Court to adjourn that for this reason, your

3  Honor.  We had hoped to resolve the protective order, we the

4  parties, much sooner, but because it is only just being

5  resolved, they do not yet have the discovery.  Again, as soon

6  as it is signed, I am turning it over, but I imagine they will

7  need some additional time to review it.

8  THE COURT:  So, Mr. Naftalis, what is a reasonable

9  amount of time that you would like to have?  I am going to ask

10  Mr. Fee to sign and then I will sign.  I can do it right here

11  in the courtroom when we finish.

12  MR. NAFTALIS:  We would propose about 45 days to come

13  back, if that's convenient with the Court.

14  THE COURT:  How is May 12 for all of you?

15  MR. FEE:  It's fine for the government.

16  THE COURT:  Let's say at noon if you don't mind.

17  Mr. Naftalis, am I correct we will call that a status

18  conference?

19  MR. NAFTALIS:  Yes, your Honor.

20  THE COURT:  We will vacate the conference that's

21  scheduled I think for this Thursday in favor of one on May 12,

22  2015.

23  Is there an issue of speedy trial or an application in

24  that regard?

25  MR. FEE:  There is an application, your Honor.  Before

1    I get to that application, there is one other discovery issue,

2    which I am sure the Court is expecting to hear about soon,

3    classified discovery.

4           THE COURT:  This order specifically says that it does

5    not cover classified information, so-called CIPA information,

6    is that right?

7           MR. FEE:  Correct, your Honor.  We are going to

8    forward to the Court as soon as we can -- I will say we have

9    not yet provided to defense -- a protective order along

10    probably similar lines relating to classified information.

11          With respect to the first disclosure -- there is

12    classified discovery in this case -- I would ask for two weeks

13    from today to produce that initial round of classified

14    discovery, which I expect will be the large majority of the

15    classified discovery in this case.

16          THE COURT:  When is the protective order likely to be

17    submitted?

18          MR. FEE:  I would hope to get it to you by the end of

19    the week.

20          THE COURT:  End of this week?

21          MR. FEE:  The end of this week.  One of the issues

22    that remains, although I expect this will be resolved quite

23    quickly, with respect to Mr. Naftalis, his clearance.  I

24    believe he has jumped through all the hurdles, not

25    surprisingly, but there are a few -- there's rumors, your

F3N8BURC

1    Honor.  So once he is cleared, we can hand it over immediately

2    after that.

3            THE COURT:  It would be helpful, if it comes by letter

4    or by fax, that there be a brief explanation that this is the

5    proposed classified protective order that we discussed on March

6    23, etc., etc.

7            MR. FEE:  We did not do it with the first one, and I

8    apologize for that.  We will include a letter outlining what we

9    believe is good cause for the entry of the order and, if we are

10   able to, representing the defendant's position and whether it

11   has been discussed with the client.

12           THE COURT:  That's always helpful.

13           Did you ask for a waiver of speedy trial?

14           MR. FEE:  I did not, but at this time I would ask that

15   time be excluded under the Speedy Trial Act in the interest of

16   justice between now and the next conference on May 12, 2015,

17   principally for the defendant to obtain, receive and review

18   discovery in this matter and consider any potential motions

19   they might file.

20           MR. NAFTALIS:  No objection.

21           THE COURT:  I am going to find under 18, United States

22   Code, Section 3161 that the request for adjournment, joined in

23   by both sides, to and including May 12, 2015, at noon, is

24   appropriate and warrants exclusion of the adjourned time from

25   speedy trial calculations.  I further find that the exclusion

1    is designed to prevent any possible miscarriage of justice, to

2    facilitate these proceedings, including the discovery process,

3    and to guarantee effective representation of and preparation by

4    counsel for both parties, that is to say the defense and the

5    government, and, thus, the need for exclusion and the ends of

6    justice outweigh the interest of the public and the defendant

7    in a speedy trial pursuant to 18, United States Code, Section

8    3161(h)(7)(A) and (B).

9         So I see that Mr. Fee has already signed and dated

10   this protective order, and the record should reflect that I am

11   doing so at this point in time and dating it March 23, 2015.

12        Anybody have anything else they want to raise?

13        MR. FEE:  Not from the government.

14        MR. NAFTALIS:  No, your Honor.  Thank you.

15        THE COURT:  Nice to see you all.

16        If you all want to wait around for a copy of this, we

17   will make one for you.

18        MR. FEE:  Thank you very much.

19        (Adjourned)

20

21

22

23

24

25