

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 7, 2015

**BY HAND**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Evgeny Buryakov</u>,
                  **15 Cr. 73 (RMB)**

Dear Judge Berman:

    The Government respectfully writes to request a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), with respect to the representation of defendant Evgeny Buryakov by Scott E. Hershman, Esq., of White & Case LLP. For the reasons set forth below, the Government submits that a *Curcio* hearing should be held to ensure that the defendant has knowingly waived the potential conflict of interest that exists between the defendant and his attorney in light of the fact that the defendant's legal fees are being paid by a third party.

    Mr. Hershman has acknowledged to the Government that counsel's fees are being paid by a third party. He has declined, however, to identify that third party to the Government.

    The Second Circuit has long recognized the potential conflict that arises when an attorney is paid by someone other than the attorney's client:

> Ethical considerations warn against an attorney accepting fees from someone other than her client. As we stated in a different context, the acceptance of such "benefactor payments" "may subject an attorney to undesirable outside influence" and raises an ethical question "as to whether the attorney's loyalties are with the client or the payor."

*United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) (quoting *In re Grand Jury Subpoena Served Upon John Doe*, 781 F.2d 238, 248 n. 6 (2d Cir. 1985) (*en banc*)). See *Amiel v. United States*, 209 F.3d 195, 198-99 (2d Cir. 2000) (if trial counsel advised defendant not to testify, even though testifying was in the best interests of the defendant, to avoid inculpating the payor of counsel's fees, "these facts . . . would entitle appellant to relief [on an ineffective assistance

claim] on the ground that trial counsel abdicated his duty of loyalty by permitting a third party who paid his fees to influence his professional judgment in representing [the defendant]") (citations omitted). *Cf. Triana* v. *United States*, 205 F.3d 36 (2d Cir. 2000) (no actual conflict found where attorney paid by unknown third party with whom attorney did not discuss tactics or strategy); *Familia-Consoro* v. *United States*, 160 F.3d 761, 766 (1st Cir. 1998) ("that a possible co-perpetrator pays a defendant's legal fees does not, without more, demonstrate that a real conflict tainted the representation he or she received").

In these circumstances, we respectfully submit, the Court should conduct an inquiry to determine whether Mr. Hershman, and his firm, have a conflict, and if so, identify the nature of that conflict. *See United States* v. *Stein*, 410 F. Supp. 2d 316, 323-24 (S.D.N.Y. 2006) ("after learning of the possibility of a conflict of interest, the district court first must determine whether the attorney has an actual conflict, a potential conflict, or no conflict at all") (citations and internal quotation marks omitted). As part of that inquiry, the Court "must investigate the facts and details of the attorney's interests . . . ." *United States* v. *Levy*, 25 F.3d 146, 153 (2d Cir. 1994) (citations omitted).

If, as a result of that inquiry,

> the court discovers no genuine conflict, it has no further obligation. At the other end of the spectrum, if the court determines that counsel has an actual conflict that is so severe as to indicate *per se* that the rendering of effective assistance will be impeded, or is analogous to such a conflict in breadth and depth, the court must ... disqualify counsel. And if, between these two extremes, the court determines that the attorney suffers from a lesser [actual] or only a potential conflict, then it may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice.

*Stein*, 410 F. Supp. 2d at 324 (quotation marks and citation omitted).

In the case of a lesser actual or potential conflict, before accepting a defendant's waiver, "the court must advise the defendant of the dangers arising from the conflict, encourage the defendant to seek advice from independent counsel, and then determine whether the defendant understands the dangers of proceeding with conflicted counsel and knowingly and intelligently chooses to continue with the representation in spite of the conflict." *Id.* (citing *Curcio*, 680 F.2d at 888-89).

We respectfully request that the Court "investigate the facts and details of the attorney's interests," *Levy*, 25 F.3d at 153, by questioning Mr. Hershman about who is paying him to represent the defendant and what, if any, instructions or advice he has received from such third party with respect to his representation of the defendant. *See United States* v. *Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) ("[i]n fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations") (citing *Levy*, 25 F.3d at 154).

Assuming that that inquiry reveals only a potential conflict, enclosed are questions that we respectfully submit should be put to the defendant.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Adam Fee /as*

Adam Fee
Ian McGinley
Anna M. Skotko
Assistant United States Attorneys
(212) 637-2200

Enclosure
Cc (w/encl.): Scott Hershman, Esq. (by electronic mail)
Counsel for defendant Evgeny Buryakov

# The Government's Proposed *Curcio* Hearing Examination of Evgeny Buryakov

A. Introductory Questions

    a. How old are you?

    b. How far did you go in school?

    c. Do you currently consult a doctor or a mental health professional for any condition? What condition is that?

    d. Are you currently under the influence of alcohol or drugs of any kind?

    e. Do you understand what is happening today?

B. Circumstances of Representation

    a. Are you currently represented by Mr. Scott Hershman and Kim Haviv of White & Case LLP?

    b. How long has that firm represented you?

    c. Have you been satisfied with Mr. Hershman and his firm's representation to date?

    d. Do you wish to continue to be represented by Mr. Hershman and White & Case LLP?

    e. Have you paid Mr. Hershman or his firm, or promised to pay him or his firm for his services in this case?

    f. Has anyone else paid Mr. Hershman or his firm, or promised to pay him or his firm for his services representing you in this case? [If yes] Who is that?

C. Right to Conflict-Free Representation

    a. Do you understand that, in every criminal case, including this one, the defendant is entitled to be represented by an attorney or attorneys whose loyalty to him is

undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

b. Is your choice to be represented by Mr. Hershman and White & Case LLP a choice you have made freely and voluntarily, without any promises, threats or inducements being made or offered to you with regard to the choice of counsel in this case?

c. Do you understand that whenever someone other than the defendant is paying the lawyer who is representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyer's judgments may be influenced by the wishes of whoever is paying his bill, or what the lawyer thinks are the wishes of whoever is paying his bill, rather than the wishes of the defendant?

d. So it is possible, in this case, that Mr. Hershman or others working with him at his firm may be influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, [the payor] or whoever else is paying them, and that those wishes may be different from yours. Do you understand that?

e. And do you understand that this situation – having your lawyer paid by someone other than you – creates a risk to you that your lawyer may not be acting solely in your interests?

f. Have you spoken with any lawyer other than Mr. Hershman or others at White & Case LLP about the risks of being defended by Mr. Hershman and his firm in this case? [If yes] Without telling me what was said, please tell me the name or the

lawyer or lawyers, other than Mr. Hershman or other lawyers at White & Case LLP, with whom you spoke. When did you speak with him/her/them? For how long?

g. Do you understand that you have a right to consult with a lawyer other than Mr. Hershman and those at his firm to determine whether you wish Mr. Hershman and his firm to continue representing you? Do you understand that the Court will give you an opportunity to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you? Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue?

D. General

a. Do you understand that you have the right to object to Mr. Hershman's and his firm's continued representation of you based upon the existence of a conflict of interest?

b. It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with Mr. Hershman and his firm. Do you understand that?

c. Do you understand that it is the view of this Court, based on my long experience as a judge, that it is ill advised to proceed with an attorney who has a potential conflict of interest of this kind?

d. Do you agree that if I permit you to proceed with Mr. Hershman and his firm, that in the event you are convicted, you will not be permitted to make any argument, on appeal or otherwise, based on Mr. Hershman's and his firm's representation of you and the conflict, or potential conflict, we have discussed? Do agree to waive, or give up, any argument of that kind?

e. Now, to make sure you have understood what we have been discussing, please describe to me in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

f. Is there anything that the Court has said that you wish to have explained further?

g. The Court will give you an opportunity to think about what you have been told, and to talk it over with counsel other than Mr. Hershman. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about, either with or without an attorney. Then the Court will ask whether you wish to continue with Mr. Hershman as your attorney.

h. Do you need court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?