

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 7, 2015

**BY HAND**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States** v. **Evgeny Buryakov**,
　　15 Cr. 73 (RMB)

Dear Judge Berman:

　　The Government respectfully writes to request a hearing pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), with respect to the representation of defendant Evgeny Buryakov by Scott E. Hershman, Esq., of White & Case LLP. For the reasons set forth below, the Government submits that a *Curcio* hearing should be held to ensure that the defendant has knowingly waived the potential conflict of interest that exists between the defendant and his attorney in light of the fact that the defendant's legal fees are being paid by a third party.

　　Mr. Hershman has acknowledged to the Government that counsel's fees are being paid by a third party. He has declined, however, to identify that third party to the Government.

　　The Second Circuit has long recognized the potential conflict that arises when an attorney is paid by someone other than the attorney's client:

> Ethical considerations warn against an attorney accepting fees from someone other than her client. As we stated in a different context, the acceptance of such "benefactor payments" "may subject an attorney to undesirable outside influence" and raises an ethical question "as to whether the attorney's loyalties are with the client or the payor."

*United States* v. *Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) (quoting *In re Grand Jury Subpoena Served Upon John Doe*, 781 F.2d 238, 248 n. 6 (2d Cir. 1985) (*en banc*)). See *Amiel* v. *United States*, 209 F.3d 195, 198-99 (2d Cir. 2000) (if trial counsel advised defendant not to testify, even though testifying was in the best interests of the defendant, to avoid inculpating the payor of counsel's fees, "these facts . . . would entitle appellant to relief [on an ineffective assistance

claim] on the ground that trial counsel abdicated his duty of loyalty by permitting a third party who paid his fees to influence his professional judgment in representing [the defendant]") (citations omitted). *Cf. Triana* v. *United States*, 205 F.3d 36 (2d Cir. 2000) (no actual conflict found where attorney paid by unknown third party with whom attorney did not discuss tactics or strategy); *Familia-Consoro* v. *United States*, 160 F.3d 761, 766 (1st Cir. 1998) ("that a possible co-perpetrator pays a defendant's legal fees does not, without more, demonstrate that a real conflict tainted the representation he or she received").

In these circumstances, we respectfully submit, the Court should conduct an inquiry to determine whether Mr. Hershman, and his firm, have a conflict, and if so, identify the nature of that conflict. *See United States* v. *Stein*, 410 F. Supp. 2d 316, 323-24 (S.D.N.Y. 2006) ("after learning of the possibility of a conflict of interest, the district court first must determine whether the attorney has an actual conflict, a potential conflict, or no conflict at all") (citations and internal quotation marks omitted). As part of that inquiry, the Court "must investigate the facts and details of the attorney's interests . . . ." *United States* v. *Levy*, 25 F.3d 146, 153 (2d Cir. 1994) (citations omitted).

If, as a result of that inquiry,

> the court discovers no genuine conflict, it has no further obligation. At the other end of the spectrum, if the court determines that counsel has an actual conflict that is so severe as to indicate *per se* that the rendering of effective assistance will be impeded, or is analogous to such a conflict in breadth and depth, the court must ... disqualify counsel. And if, between these two extremes, the court determines that the attorney suffers from a lesser [actual] or only a potential conflict, then it may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice.

*Stein*, 410 F. Supp. 2d at 324 (quotation marks and citation omitted).

In the case of a lesser actual or potential conflict, before accepting a defendant's waiver, "the court must advise the defendant of the dangers arising from the conflict, encourage the defendant to seek advice from independent counsel, and then determine whether the defendant understands the dangers of proceeding with conflicted counsel and knowingly and intelligently chooses to continue with the representation in spite of the conflict." *Id.* (citing *Curcio*, 680 F.2d at 888-89).

We respectfully request that the Court "investigate the facts and details of the attorney's interests," *Levy*, 25 F.3d at 153, by questioning Mr. Hershman about who is paying him to represent the defendant and what, if any, instructions or advice he has received from such third party with respect to his representation of the defendant. *See United States* v. *Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) ("[i]n fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations") (citing *Levy*, 25 F.3d at 154).

Hon. Richard M. Berman, U.S.D.J.
May 7, 2015
Page 3

Assuming that that inquiry reveals only a potential conflict, enclosed are questions that we respectfully submit should be put to the defendant.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Adam Fee
Adam Fee
Ian McGinley
Anna M. Skotko
Assistant United States Attorneys
(212) 637-2200

Enclosure
Cc (w/encl.): Scott Hershman, Esq. (by electronic mail)
Counsel for defendant Evgeny Buryakov

> Defense is requested to respond
> by letter on or b/fore noon on
> 5/11/15.
>
> SO ORDERED:
> Date: 5/7/15  Richard M. Berman
>               Richard M. Berman USDJ