White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
whitecase.com

May 14, 2015

VIA ECF

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  United States v. Evgeny Buryakov, 15 Cr. 73 (RMB)

Dear Judge Berman:

We represent the defendant in the above-referenced action. Per the Court's Order of May 13, this letter further responds to a *Curcio* Letter Motion by the Government and to questions from the Court relating to the terms of our representation of Mr. Buryakov. As discussed below, we respectfully submit that no conflict of interest exists here because (i) Mr. Buryakov has retained White & Case and we represent him and no one else in this action; (ii) the agreement by Mr. Buryakov's employer, Vnesheconombank ("VEB"), to pay White & Case does not affect White & Case's ability to represent Mr. Buryakov; and (iii) the fact that the Russian State is the ultimate owner of VEB's shares does not create a conflict where none otherwise exists.

The Firm's engagement letter with Mr. Buryakov was submitted to the Court at the May 12, 2015 status conference. That letter establishes, and we confirm, that we represent Mr. Buryakov, have been retained solely for his benefit, have a duty to defend his interests, and have no ethical conflicts. At the May 12 conference, I also confirmed that White & Case intends to represent Mr. Buryakov through all the proceedings in the District Court.

As we also have informed the Court at the May 12 conference, we have entered into an agreement with VEB, Mr. Buryakov's employer, under which VEB will pay White & Case with respect to this case. That agreement has been provided to the Court for *in camera* inspection. The VEB agreement directs us to represent Mr. Buryakov, and contains no conditions with respect to our representation of Mr. Buryakov. Significantly, that agreement gives VEB no control over Mr. Buryakov's defense, nor may VEB participate or intervene in any decisions to

ALMATY  ANKARA  ASTANA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA  HAMBURG
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MADRID  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  UAE  WARSAW  WASHINGTON, DC

Americas 90572158

be made by White & Case in consultation with Mr. Buryakov. Thus, nothing in the VEB agreement creates any divided loyalties between the Firm and Mr. Buryakov, who also is free to review the VEB agreement. Finally, White & Case has explained to Mr. Buryakov that, in certain circumstances, a court may seek to determine if a conflict of interest may arise when a third-party pays a defendant's legal fees. Here, Mr. Buryakov has consented to VEB's payment of his legal fees and has consented to White & Case representing him. Mr. Buryakov also understands the terms of the White & Case engagement letter with him, including with regard to potential conflicts, and has knowingly agreed to those terms.

In this proceeding and under these circumstances, there is no conflict of interest simply because a third-party is paying the defendant's legal fees. *See Moreno-Godoy v. United States*, No. 13 Civ. 2382(JSR)(GWG), 2014 WL1088300, at *13 (S.D.N.Y. Mar. 20, 2014) (payment of defendant's attorney's fees by co-defendant "did not create even a potential conflict of interest" where attorney's "advocacy for [defendant] could not have resulted in any financial retribution from [the third party]"). This is especially true here, where the third-party is the defendant's employer, where such payments are commonplace. *See United States v. Stein*, 541 F.3d 130, 144 (2d Cir. 2008) ("a firm may have potent incentives to advance [legal] fees, such as the ability to recruit and retain skilled professionals in a profession fraught with legal risk").

Finally, that VEB's shares are owned by the Russian State does not create an issue. *First,* VEB is a free-standing company under Russian law. It is not an arm or agency of the Russian government, but has a separate and independent corporate existence that is well-recognized under U.S. law. *See First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 624-28 (1983) (holding that the presumption of corporate separateness generally applies with respect to foreign sovereign-owned companies); *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 480 (2d Cir. 2007) (rejecting argument that Argentina's "ability and willingness" to control central bank allowed disregard of corporate separateness). Here, White & Case has no agreement with the Russian State with respect to this case, nor does the Russian State have any contractual or other obligation to White & Case. Hence, the Russian State is not paying for Mr. Buryakov's defense any more than the U.S. government could be said to be paying for every corporate action taken by the Export-Import Bank of the United States or the Pension Benefit Guaranty Corporation (both companies the shares of which are owned by the United States). *Second,* the Government has made no assertions against VEB or with respect to VEB's ownership. VEB's ownership is not an issue in this case, and creates no independent basis for a conflict because the underlying offense has nothing to do with VEB's relationship with the Russian government. Thus, unlike *United States v. Locascio*, 6 F.3d 924 (2d Cir. 1993), the fee agreement here could not constitute "evidence going to an element of the crime itself." *See Stein*, 541 F.3d at 156 (distinguishing *Locascio* because employer's payment of legal fees is not "evidence going to an element of the crime itself").

The government has offered no evidence to suggest that there is any conflict of interest here, and therefore has no basis for interfering with Mr. Buryakov's right to choose his own counsel, including one paid for by his employer. *Stein*, 541 F.3d at 156 ("In a nutshell, the Sixth Amendment protects against unjustified governmental interference with the right to defend oneself using whatever assets one has or might reasonably and lawfully obtain."). That is

2

particularly true where, as here, Mr. Buryakov has been informed of the potential conflict of interest and has consented to the representation. *See Moreno-Godoy*, 2014 WL1088300 at *33 ("Where the right to counsel of one's choice conflicts with the right to an attorney of undivided loyalty, the determination of which right is to take precedence must generally be left to the defendant . . . .").

For the foregoing reasons, we respectfully submit that no conflict of interest exists, and that there is no basis for any further inquiry under *Curcio*.

Respectfully submitted,


*/s/* Scott Hershman
Scott Hershman

cc:  Adam Fee (by electronic mail)
     Anna Skotko (by electronic mail)
     Patrick McGinley (by electronic mail)