F696burc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                          15 CR 73(RMB)

5  EVGENY BURYAKOV,

6              Defendant.

7  ------------------------------x

8                                  New York, N.Y.
                                   June 9, 2015
9                                  12:00 noon

10
   Before:
11
                    HON. RICHARD M. BERMAN,
12
                                        District Judge
13

14                        APPEARANCES
   PREET BHARARA
15      United States Attorney for the
        Southern District of New York
16 ADAM  FEE
   IAN McGINLEY
17 ANNA SKOTKO
        Assistant United States Attorneys
18
   WHITE & CASE
19      Attorneys for Defendant
   EVGENY BURYAKOV
20

21 Also present:  ANDREW TARUTZ, Russian language interpreter

22

23

24

25

1          (In open court; case called)

2          THE COURT:  Please be seated everybody.

3          So we should note for the record that we do have a

4   Russian language interpreter.

5          Are you interpreting?

6          THE INTERPRETER:  Yes.

7          THE COURT:  But you are here as stand-by is my

8   understanding?

9          THE DEFENDANT:  Yes.

10         THE COURT:  This is a status conference.  I will just

11  note preliminarily -- and thank you, Mr. Hershman -- on June 2,

12  2015, Mr. Alexandra Slepnev agreed and accepted the retainer

13  agreement as I had asked and so that has been accomplished.  I

14  believe this is already on the docket.

15         So the next up is really to hear from you all, where

16  we go from here and what time frame.

17         MR. HERHMAN:  I am happy to start, your Honor.

18         THE COURT:  Okay.

19         MR. HERHMAN:  First, as I informed the government

20  yesterday, we intend to file a motion to dismiss the

21  indictment.  We're prepared to do that imminently, tomorrow or

22  the latest on Thursday, and we would request that we set a

23  schedule for the government's response to the motion.

24         THE COURT:  Okay.

25         MR. HERHMAN:  In addition to that the only other

1    things I had on my agenda I think are in hand at the moment.

2    One is some questions that I raised with Mr. Fee yesterday

3    effectively at a meet-and-confer on some particulars that we're

4    looking for.  I am expecting a response from the government

5    today or tomorrow and that is fine if the response is complete

6    and the questions are answered; but if not, we would request

7    permission to make that motion.  There are not very many of

8    them.  I think we're talking about six or seven questions in

9    all.  They are pointed to the indictment.

10         THE COURT:  The way I would like to do it is that it

11   not be a separate motion so that you hold your motions to

12   dismiss until you see what the resolution is of this issue.  If

13   it is resolved, fine.  If not, you include it with the motion

14   to dismiss so we have just one motion to dismiss per case as it

15   were.

16         MR. HERHMAN:  I think that would work including the

17   timing because I think we're expecting a response from the

18   government tonight.

19         THE COURT:  On the particulars issue?

20         MR. HERHMAN:  Yes.  We should still be able to file

21   tomorrow or Thursday.

22         THE COURT:  Yes.

23         MR. HERHMAN:  Just an update on some minor

24   housekeeping issues discovery-wise.  Mr. Buryakov still does

25   not have access to a large volume of video discovery.  I know

1   that the government is working on that.  They have told me so.

2   I wanted to point out to the Court that although he now has the

3   extra library time which, thank you, it has been arranged with

4   BOP, we are are still not getting access to those tapes over

5   there.  I have them and I am able to review them but not

6   Mr. Buryakov.

7           THE COURT:  That's not a clearance issue.  That's just

8   a mechanical issue?

9           MR. HERHMAN:  Yes.  That's my understanding.

10          THE COURT:  Mr. Fee.

11          MR. FEE:  Your Honor, taking the last issue first.  I

12  can report progress.  We now have those hard drives.  There are

13  five of them ready to be provided to the facility so that Mr.

14  Buryakov can access them in the law library.  It is such a

15  large amount of data that it took quite a bit of time to

16  reproduce.  We have also had previously provided to him a

17  letter that was sent to the defense outlining the particular

18  instances based on our review so far within that large amount

19  of video surveillance footage that are most relevant to this

20  case.

21          THE COURT:  Calling to their attention that aspect of

22  the bulk so to speak data video that pertained particularly in

23  your opinion to Mr. Buryakov?

24          MR. FEE:  Correct, your Honor, just to ease the

25  prospect of reviewing all those hours of videotapes.  It

1  highlights the most relevant portions.

2          THE COURT:  Got it.

3          MR. FEE:  With respect to the motions, your Honor, or

4  anticipated motions of Mr. Hershman's summaries, I actually

5  reached out yesterday afternoon.  The government will respond.

6  There are not that many questions.  Whether or not that renders

7  unnecessary the filing of a motion for a bill of particulars,

8  obviously I will leave that to Mr. Hershman, but we will

9  respond this evening.

10          With respect to the combined defense motion, we would

11  ask if it is agreeable with the Court for three weeks to

12  respond anticipating a motion to dismiss as well as perhaps

13  discovery related to the motion.

14          THE COURT:  Let's say he files Thursday, which is

15  probably realistic, so is that July 2nd that you would respond

16  by?

17          MR. FEE:  That sounds, correct, your Honor.

18          THE COURT:  I am sure this is what you meant,

19  Mr. Hershman, but just to make clear there will not be another

20  motion to dismiss apart from this one, which is what I do in

21  criminal and civil cases?

22          MR. HERHMAN:  My expectation, your Honor, is that this

23  motion will be dispositive of the case.

24          THE COURT:  I just want you to know my expectation is

25  that there will not be another one.  My point, although I am

F696burc

1    not really stating it well, is if you anticipate that there is

2    some area of inquiry based on what they delivered to you, you

3    may want to wait; you know what I mean?  If something gets in

4    the video or in response to your questions, etc., I would hold

5    it until you got the universe which is your target for your

6    motion to dismiss.

7                MR. HERHMAN:  I understand.

8                THE COURT:  You got that.

9                MR. HERHMAN:  Yes.

10                THE COURT:  July 2 would be the government's response.

11                Mr. Hershman, when do you want to reply assuming

12    July 2 is the response, the opposition date?

13                MR. HERHMAN:  July 14, your Honor, which I think is a

14    Tuesday.

15                THE COURT:  It is.  That's fine.  Can we do this on

16    submission or do you want to have oral argument?

17                MR. HERHMAN:  I think we may want to have oral

18    argument, your Honor, if you don't mind.

19                THE COURT:  I don't.  It is usually pretty brief.  If

20    anybody asks for it, it is fine.

21                MR. HERHMAN:  It can be brief.  The issue will be

22    clear.

23                One other thing relating to the motion, which I don't

24    think is going to be an issue for the Court that I spoke with

25    the government about and that concerns some documents that will

1    be filed with the motion that contain personal information

2    pertaining to Mr. Buryakov.  That information was obtained from

3    the search warrant documents that the government produced to

4    us.  So I believe it is subject to the protective order and all

5    cases would be filed under seal.  I just want to ensure that

6    part of the motion is under seal.

7         THE COURT:  I don't know exactly what the category is,

8    not without getting into specifics.

9         MR. HERHMAN:  It is the visa application that was made

10   on behalf of the DBE for Mr. Buryakov, which contains a lot of

11   personal data relating to him.

12        THE COURT:  Like addresses?

13        MR. HERHMAN:  Date of birth.

14        THE COURT:  You can't black that out?

15        MR. HERHMAN:  It's kind of all over the place.  I

16   think the document pursuant to the protective order needs to be

17   under seal if I am not mistaken.

18        THE COURT:  I don't know if we did in this case, but

19   we usually add a rider at the end which says it doesn't really

20   bind the Court in a particular instance.  That is to say, the

21   protective order is usually between the two of you.  It is

22   academic.  We'll deal with it when we see it.  File it the way

23   you want to file it.  If I have a problem with it, I will call

24   it to your attention.

25        MR. HERHMAN:  Very good.

F696burc

1    THE COURT:  Let's hold July 23, 2015 at 11:00 for oral

2  argument.  Are there other issues that you want to discuss?

3    MR. HERHMAN:  None from me, your Honor.

4    MR. FEE:  Just very briefly, your Honor, to keep it on

5  the Court's radar.  There is obviously going to be classified

6  discovery in this case once Mr. Hershman and his team have

7  received clearance.  My understanding is that there has been

8  some progress on that.  Those clearances have not yet come

9  through, but it is likely to happen relatively soon.  I think

10  in a number of weeks.  If it suits the Court, I would propose

11  that counsel confer about a proposed SIPA briefing schedule.

12  There may not be SIPA briefing in this case, but we can

13  certainly propose one when it appears that the clearances are

14  forthcoming just so that we have a schedule before the Court

15  and make a joint submission if it obviously works for

16  Mr. Hershman and the Court.

17    THE COURT:  Sure.

18    Anything else from the defense?

19    MR. HERHMAN:  No, your Honor, nothing else.

20    THE COURT:  What about speedy trial, is there an issue

21  or application?

22    MR. FEE:  Yes, your Honor.  We would ask that the

23  Court exclude time through July 23rd, the oral argument date,

24  in the interest of justice so that Mr. Hershman and his team

25  can continue to review discovery, prepare and file motions,

F696burc

understanding that this exclusion may be academic in part upon

the filing of the motion, but we ask to exclude it through the

next appearance date.

THE COURT:  I am going to grant that application

finding under 18, United States Code, Section 3161 that the

request for adjournment joined in by both sides to and

including July 23, 2015 is appropriate and warrants exclusion

of the adjourned time from speedy trial calculations.  I

further find that the exclusion is designed to prevent any

possible miscarriage of justice, to facilitate these

proceedings including any pending motion practice and to

guarantee effective representation of and preparation by

counsel by both sides.  Thus, the need for exclusion and the

ends of justice outweigh the interest of the public and the

defendant in a speedy trial pursuant to 18, U.S.C., Section

3161(h)(7)(A) and (B).

Good to see you all.  I will see you again July 23 at

11:00.

MR. FEE:  Thank you, your Honor.

THE COURT:  Thank you very much.

o0o