October 26, 2015

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
**T** +1 212 819 8200

whitecase.com

**By ECF**

The Hon. Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courtroom
500 Pearl St., Courtroom 17B
New York, NY 10007

> Re:  **United States v. Evgeny Buryakov**
> **15 Cr. 73 (RMB)**

Dear Judge Berman:

Defendant Evgeny Buryakov moves for an order authorizing the deposition of Mrs. Marina Buryakova in Russia to preserve her testimony for trial under Rule 15(a) of the Federal Rules of Criminal Procedure.

Introduction

Defendant is charged with acting as an unregistered agent of a foreign government, specifically the Russian Federation, in violation of 18 U.S.C. § 951, and with two named, but absent, co-conspirators, of conspiracy to so act.

Defendant seeks to take the deposition of his wife, Mrs. Marina Buryakova to preserve her testimony for trial. Mrs. Buryakova lived with Defendant and their two young children throughout Defendant's time in the United States. Mrs. Buryakova and her two young children were deeply traumatized by the unexpected arrest and incarceration of her husband (their father). She is the caregiver for the children, who have been without their father for nine months. As the caregiver, she is unwilling to leave them alone in Russia and return to the United States – a country she now deeply distrusts given the treatment of her husband – to testify at trial. Nonetheless, Mrs. Buryakova has direct and material knowledge regarding many issues central to the case and the defense. For example, Mrs. Buryakova has direct and material knowledge of Defendant's alleged relationship with Mr. Igor Sporyshev, a named co-conspirator, and also can testify about other allegations in the Complaint that appear to be central to the Government's case. Mrs. Buryakova refuses to come to the United States to testify at trial, despite Defendant offering to pay her travel expenses.

## Legal Standard

Under Rule 15(a) "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). A court should grant a motion to depose when the moving party demonstrates that (1) a prospective witness is unavailable for trial, (2) the witness's testimony is material, and (3) the witness's testimony is necessary to prevent a failure of justice. *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).

"Unavailability is determined according to the practical standard of whether under the circumstances the [party seeking the deposition] has made a good-faith effort to produce the person to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984). Generally, to be unavailable a witness must be outside of the subpoena power of the United States and unwilling to travel here to testify at trial. *United States v. Vilar*, 568 F. Supp. 2d 429, 438-39 (S.D.N.Y. 2008).

Materiality is shown if the anticipated testimony is highly relevant to an issue in the case or a defense. Charles Alan Wright & Peter J. Henning, 2 FEDERAL PRACTICE & PROCEDURE: CRIMINAL, § 242, at n. 8 (4th Ed. 2009). Thus, it is not necessary that the defendant show that the testimony will acquit him. *United States v. Grossman*, 2005 WL 486735, at *3 (S.D.N.Y.). Finally, a witness's testimony is necessary to prevent a failure of justice when the witness is unavailable, the testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition. *Id.* Thus, the "failure of justice" prong is "likely satisfied" where the unavailability and materiality prongs are met. *Vilar*, 568 F. Supp. 2d at 443; *United States v. Khan*, 2008 U.S. Dist. LEXIS 43329, at *12 (E.D.N.Y.) ("By satisfying the first two factors, Defendant satisfied this final factor.").

## Mrs. Buryakova Is Unavailable

Mrs. Buryakova is unavailable because, as a Russian national residing in Russia, she is beyond the subpoena power of this Court. *Vilar*, 568 F. Supp. 2d at 438-39. Despite Defendant offering to pay any travel expenses associated with testifying at trial, Mrs. Buryakova is unwilling to appear in New York. Courts in the Second Circuit have held that the offer to pay expenses shows a good faith effort to produce the witness. *Johnpoll*, 739 F.2d at 709; *United States v. Sindona*, 636 F.2d 792, 803-04 (2d Cir. 1980); *Vilar*, 568 F. Supp. 2d at 438-39; *United States v. Korolkov*, 870 F. Supp. 60, 64-65 (S.D.N.Y. 1994). Defendant need not show anything else to establish unavailability. *See Johnpoll*, 749 F.2d at 709; *Vilar*, 568 F. Supp. 2d at 438-440; *Khan*, 2008 U.S. Dist. LEXIS 43329 at *3-5; *Grossman*, 2005 WL 486735 at *3-4; *United States v. Mostafa*, 14 F. Supp. 3d 515, 519-20 (S.D.N.Y. 2014).

## Mrs. Buryakova's Expected Testimony Is Material

Mrs. Buryakova's expected testimony will challenge central aspects of the Government's case and support Defendant's theory of the case. The Government relies in its prosecution on

Defendant's association with one alleged co-conspirator – Mr. Sporyshev.[1]  The Government relies on the frequency of contact between Defendant and Mr. Sporyshev and has alleged that mundane phrases used by Defendant or Mr. Sporyshev – such as "ticket," "list," "schoolbook" and the like – were coded communications in furtherance of the alleged conspiracy.  (Compl. ¶ 19-21)

Mrs. Buryakova's expected testimony will, among other things, challenge these parts of the Government's case.  She is expected to testify about the relationship and contacts between Defendant and his family and Mr. Sporyshev and his family, as well as the references to "lists," "tickets," and "books" set forth in the Complaint.  Mrs. Buryakova's expected testimony thus provides a compelling innocent explanation for behavior that the Government contends is evidence of an illicit relationship – and is therefore material to the case.  *Grossman*, 2005 WL 486735, at *4.

<u>Mrs. Buryakova's Expected Testimony Is Necessary to Prevent a Failure of Justice</u>

Mrs. Buryakova is unavailable for trial and her expected testimony is material to the case.  Because there are no countervailing factors counselling against allowing her deposition abroad, the testimony is necessary to prevent a failure of justice.  *Vilar*, 568 F. Supp. 2d at 443.

<u>Conclusion</u>

For the reasons stated above, the Court should grant Defendant's motion for an order authorizing the deposition of Mrs. Marina Buryakova in Russia to preserve her testimony for trial.

Respectfully submitted,

Scott Hershman

T +212-819-8200
E scott.hershman@whitecase.com

cc:    Adam Fee (by email)

---

[1] The Government has not identified any similar meetings involving Defendant and the other alleged co-conspirator – Mr. Victor Podobnyy – or any other unindicted co-conspirator.

3