# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

EVGENY BURYAKOV,

               Defendant.

15 CR. 73 (RMB)

# DEFENDANT EVGENY BURYAKOV'S
## MEMORANDUM OF LAW IN SUPPORT OF HIS MOTIONS *IN LIMINE*

WHITE & CASE LLP

Scott Hershman
Daniel Levin
Owen C. Pell
Gregory G. Little
Kimberly A. Haviv
1155 Avenue of the Americas
New York, New York   10036
(212) 819-8200

*Attorneys for Defendant Evgeny Buryakov*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. ██████████████████████████████████████████████

   ██ ████████████████████████████████████████

   ██ ████████████████████████████████████████

   ██ ████████████████████████████████████████

   ██ ████████████████████████████████████████

II.    The Government Should Be Precluded From Presenting Certain Evidence Regarding The SVR ............................................................................. 12

     A.    Preliminary Statement ............................................................... 12

     B.    Background ................................................................................. 14

     C.    Legal Standard ........................................................................... 14

     D.    Evidence Relating To U.S.-Russia Relations Is Not Relevant And Is Substantially More Prejudicial Than Probative ....................................... 15

     E.    Conclusion ................................................................................. 18

Americas 91114597

**CASES**

<u>Old Chief</u> v. <u>United States</u>,
    519 U.S. 172 (1997)............................................................................................................17

<u>United States</u> v. <u>Al Moayad</u>,
    545 F.3d 139 (2d Cir. 2008)............................................................................................17

████████████████████████

██████████████████████████████████████████████

<u>United States</u> v. <u>Cabrera</u>,
    222 F.3d 590 (9th Cir. 2000) ..........................................................................................16

███████████████

██████████████████████████████████████████████

███████████████████████

██████████████████████████████████████████████

█████████████

██████████████████████████████████████████████

█████████████

██████████████████████████████████████████████

<u>United States</u> v. <u>Gelzer</u>,
    50 F.3d 1133 (2d Cir. 1995).............................................................................................14

██████████████████

██████████████████████████████████████████████

████████████████

██████████████████████████████████████████████

█████████████

██████████████████████████████████████████████

██████████████

██████████████████████████████████████████████

Americas 91114597



## STATUTES AND RULES

Fed. R. Evid. 401 ....................................................................................13, 14, 16, 17

Fed. R. Evid. 402 ....................................................................................................14

Fed. R. Evid. 403 ............................................................................................ passim



18 U.S.C. § 951 ................................................................................................ passim

Defendant Evgeny Buryakov respectfully files the following two motions *in limine*:

I.  

II.  To preclude the Government from presenting certain evidence regarding the history, practices, policies, and priorities of the SVR, including as they may relate to U.S.-Russia relations.

**I.**





Americas 91114597





Americas 91114597



Americas 91114597



Americas 91114597



Americas 91114597



Americas 91114597



Americas 91114597



Americas 91114597



Americas 91114597



## II. The Government Should Be Precluded From Presenting Certain Evidence Regarding The SVR

### A. Preliminary Statement

Defendant Evgeny Buryakov respectfully moves for an order precluding the Government

from presenting certain evidence regarding the history, practices, policies, and priorities of the

Americas 91114597

SVR, including as they may relate to U.S.-Russia relations (the "SVR Evidence"). The Government's expert disclosures to Defendant make clear that expert testimony on the SVR Evidence will be presented to the jury. See Letter from United States to Owen C. Pell and Scott Hershman ("U.S. Expert Letter"), dated February 29, 2016 at 1-3 (Hershman Decl., Ex. B).

Having superseded the Indictment to remove any reference to the SVR (an alleged Russian government intelligence agency)—presumably because the Government did not want the burden of proving beyond a reasonable doubt that Defendant is an SVR agent—evidence about the broader purpose and work of the SVR is not relevant and will only mislead or prejudice the jury. Under the Superseding Indictment, *why* certain Russian officials (the alleged co-defendants) may have asked Mr. Buryakov for information is not relevant to the charges under FRE 401. Similarly, having not charged espionage or any other crime relating to the *nature or content* of any information allegedly passed by Mr. Buryakov to Russian officials, testimony on why Mr. Buryakov may have been asked for certain public or legal information— including based on the nature of the SVR or the broader context of U.S.-Russia relations—also has no relevance to the charges. Moreover, any tangential relevance is significantly outweighed under FRE 403 by the danger of unfair prejudice. Simply put, having chosen not to prove which agency of the Russian Federation allegedly had Mr. Buryakov under its direction or control, the Government should not be allowed to inflame the jury by portraying this case as about a new Cold War between the United States and Russia, or protecting the United States from Russian spies. That is precisely the type of improper emotional appeal that FRE 403 was designed to prevent.

Americas 91114597

## B.    Background

Defendant is charged with agreeing to act in the United States under the direction and control of the Russian Federation, or one or more Russian government officials, without prior notification to the U.S. Attorney General, in violation of 18 U.S.C. § 951(a).  Superseding Indictment, ¶ 4.  Mr. Buryakov also is charged with conspiring with Igor Sporyshev, Victor Podobnyy, and others known and unknown, to commit this offense.  Id., ¶¶ 1-2.

None of the surveillance materials produced by the Government make any mention of U.S.-Russia relations or any broader reasons why Mr. Sporyshev requested information from Mr. Buryakov.  Nonetheless, the Government seeks to use expert witnesses to introduce a great deal of SVR Evidence, including a broad collection of information about the history and operations of the SVR (some of which appear to touch on U.S.-Russia relations) that has nothing to do with this case.  See Hershman Decl., Ex. B at 1-3.

## C.    Legal Standard

Only relevant evidence is admissible, FRE 401, 402, and even if evidence is relevant, FRE 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury…."  Fed. R. Evid. 403.  FRE 403 protects against the adverse effect of evidence that goes beyond tending to prove the fact or issue that justified its omission.  United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995).  Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 Advisory Committee notes on 1972 proposed rules.

Americas 91114597

**D.  Evidence Relating To U.S.-Russia Relations Is Not Relevant And Is Substantially More Prejudicial Than Probative**

Section 951 only imposes criminal liability when a person acts in the United States under the "direction or control" of a foreign government or foreign government official without prior notification to the Attorney General.  The Superseding Indictment seeks only to prove that Mr. Buryakov fell under the direction or control "of the Russian Federation" as opposed to the SVR or the Russian Trade Mission (where one co-defendant worked).  Thus, based on the Superseding Indictment, liability is to be imposed without regard to the nature or content of the information allegedly passed by Mr. Buryakov, or the reasons for it being passed.  See 18 U.S.C. § 951(a). None of the SVR Evidence was gathered during surveillance in this case.  Rather, it is historical evidence unrelated to this case which will be offered through expert witnesses.  As such, nothing about the SVR Evidence relates to Mr. Buryakov's conduct under the Superseding Indictment.

That the SVR Evidence only is being offered to make the jury think that Mr. Buryakov was doing something wrong or otherwise harming the United States is clear from the subjects to be covered.  The following points are what the Government wants to explain—all of which should be excluded from presentation to the jury:

- How the SVR relates historically to the KGB—with all the negative and Cold War-related connotations that has—and how it relates to other Russian intelligence agencies now—agencies that have no relevance to this case.  (U.S. Expert Letter (Hershman Decl., Ex. B) at p. 1, first bullet.)

- That the SVR views the United States as a "target" and an "enemy" of Russia— something that has no relationship to Section 951 or any charge in the Superseding Indictment.  (Id. at p. 2, tenth bullet.)

- That SVR priorities "often reflect world events"—something, again, having no relationship to Section 951 or any charge in the Superseding Indictment, and so vague as to open the door to almost any type of opinion about how U.S.-Russia relations affect SVR actions, again something that has nothing to do with anything relating to this case. (Id. at p. 2, eleventh bullet.)

Americas 91114597

- How the SVR is organized to collect different forms of intelligence—none of which have anything to do with the charges in the Superseding Indictment or any actual evidence in this case. (Id. at p. 2, third bullet.)

- How big the SVR is worldwide—which has nothing to do with Mr. Buryakov or his alleged conduct. (Id. at p. 2, fourth bullet.)

- How much training SVR officers receive and how they enter the United States under false identities as "illegals," and that a large group of "illegals" were arrested in the United States in 2010. No charge or evidence in this case suggests that Mr. Buryakov entered the United States under a false identity, nor is there any charge or evidence that Mr. Buryakov was in any way related to the 2010 "illegals" case. (Id. at p. 2, seventh, eighth, and ninth bullets.)

- That the SVR seeks public and non-public information relating to "financial and business matters" and the oil and gas industry—categories so broad as to cover almost any economic or business information sought by any financial analyst anywhere, but, as to oil and gas, having nothing to do with the evidence in this case. (Id. at p. 2, twelfth and thirteenth bullets.)

- That the SVR will sometimes pay for information—again not something alleged or charged in this case at any point. (Id. at p. 2, fourteenth bullet.)[12]

None of this information will assist the jury in assessing whether a Section 951 violation occurred. Rather, it is only designed to portray Mr. Buryakov as a danger to the United States based either on his nationality or on hostility and fear directed at Russia itself. This is not allowed under FRE 403. Cf. United States v. Cabrera, 222 F.3d 590, 596-97 (9th Cir. 2000) (finding that the witness's testimony regarding the Cuban community "had the cumulative effect of putting the [city's] Cuban community on trial, rather than sticking to the facts of [the offenses

---

[12] Defendant does not by this motion seek to exclude (or include within the precluded SVR Evidence) expert testimony regarding references that may appear in taped conversations that may be offered at trial. This would include (i) that SVR headquarters is in Moscow and called the Moscow Center (U.S. Expert Letter (Hershman Decl., Ex. B) at p. 1, second bullet); (ii) that SVR offices are called "residenturas" and that New York City has one (id. at p. 2, fifth and sixth bullets); (iii) that assignments come from SVR headquarters and are communicated through residenturas (id. at p. 3, fifteenth bullet); and (iv) that certain terms are used by SVR officers and have certain meanings, including "IO", "clean", "open", "legend", "cover", "impulse post" or "post impulse" and "White House" (id. at p. 3, sixteenth bullet).

16

charged]").  Nor is national origin relevant under FRE 401.  See id. at 597 ("People cannot be tried on the basis of their ethnic backgrounds or national origin.").

The SVR Evidence also does not have probative value because the statute does not require any finding about whether the United States is friendly or hostile to another nation to categorize a person's status under Section 951(d)(2) or (3), or to assess the nature of information provided under Section 951(d)(4).  Absent any causal relationship between the SVR Evidence and the offenses charged, there is no tendency of this evidence to prove or disprove a fact at issue in the case and it is, by definition, irrelevant under FRE 401.

Finally, given its lack of probative value, it appears that the SVR Evidence may be used to suggest that the jury should view Mr. Buryakov as a spy or up to no good either because current U.S.-Russia relations are bad, or because historically Russia has spied on the United States and successfully ascertained valuable and strategic U.S. data through the activities of the KGB and SVR.  But the motivation of Russia to spy—or to do so more or less often at particular times—has nothing to do with Section 951.  More importantly, under FRE 404, the Court must not allow the Government to offer circumstantial evidence to suggest that Mr. Buryakov is more likely to be guilty simply because Russia allegedly has a current desire to send more undercover SVR agents here.  Again, this is not an espionage case, and the Government may not avoid its burden of proof by trying to paint Mr. Buryakov as a spy or bad person out to harm the United States based on historical information having no connection to the charges here.

At bottom, the SVR Evidence is likely to confuse or mislead the jury into thinking that this case is about Mr. Buryakov being a spy—even though the Court will not be asked to require the jury to so find—and use of this evidence should be precluded under FRE 403.  Moreover, using decades of anti-Soviet and anti-Russian fearmongering and propaganda that now

17

permeates popular culture to inflame and prejudice the jury is not permitted.  This evidence proves nothing with respect to the central issue of the case, but has "the capacity to lure the factfinder into declaring guilt on a ground different than the proof specific to the offense charged," which is prohibited under FRE 403.  Old Chief v. United States, 519 U.S. 172, 180 (1997); see also United States v. Al Moayad, 545 F.3d 139, 160-63 (2d Cir. 2008) (evidence of uncharged conduct not involving defendant (an eyewitness description of a terrorist bus bombing) was found to be more inflammatory than the charged crime (knowledge of a terrorist group's activities) and was inadmissible under FRE 403 as a blatant appeal to the jury's emotion and prejudices).

### E.        Conclusion

For the foregoing reasons, the Court should preclude the Government from presenting the SVR Evidence at trial.

Americas 91114597

Dated:     March 1, 2016
           New York, New York

                              Respectfully submitted,

                              /s/ Scott Hershman
                              Scott Hershman
                              Daniel Levin
                              Owen C. Pell
                              Gregory G. Little
                              Kimberly A. Haviv
                              1155 Avenue of the Americas
                              New York, New York 10036
                              Tel.: (212) 819-8200
                              Fax: (212) 354-8113

                              *Attorneys for Evgeny Buryakov*