Request No. 10        **Count Two: Legal Commercial Transaction**

[The defendant requests the following instruction, to which the Government objects].

A person also is not considered to be an agent of a foreign government in violation of Title 18, United States Code, Section 951(a) if that person only engaged in legal commercial transactions.

The term "legal commercial transaction" means any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations.

Here, the Government must show beyond a reasonable doubt that Mr. Buryakov was not engaging in legal commercial transactions.

**Defense Objection:** Adapted from Charge of Hon. Denny Chin, United States v. Park, No. 05-Cr.-59 (S.D.N.Y. 2006) (Section 951 case); Charge of Hon. John D. Tinder, United States v. Shaaban, No. 05-Cr034 (S.D. Ind. 2008) (same); Government's Proposed Jury Instructions, United States v. Amirnazmi, No. 08-Cr-429 (E.D. Pa. 2009) (same).

See 18 U.S.C. § 951(d)(4); 28 C.F.R. § 73.1(f).  Mr. Buryakov engaged in legal commercial transactions.  As such, the jury must, as a matter of law, be given the opportunity to consider this statutory defense under Section 951(d).  See United States v. Goldson, 954 F. 2d 51 (2d Cir. 1992); United States v. LaMarte, 950 F.2d 80 (2d Cir. 1991).  The Government bears the burden of proving beyond a reasonable doubt that this exception to liability does not apply.  Patterson v. New York, 432 U.S. 197, 210 (1977).   18 U.S.C. § 951(d)(4); 28 C.F.R. § 73.1(f).).

**Government Response**: For the reasons stated in the Government's motion in limine filed today, the Government does not bear the burden of disproving affirmative defenses, which the defense must prove by a preponderance of the evidence.  If there is evidence to support such an instruction, the Government will ask for an opportunity to provide one that accurately reflects where the burden lies. The proposed instruction does not do so. At a minimum, it should say that the defense must show by a preponderance of the evidence that Mr. Buryakov engaged only in legal commercial transactions.