# EXHIBIT A

1530

67C4PAR1

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA

4              v.                    (S4)O5CR59(DC)
                                     (Jury Trial)
5    TONGSUN PARK,

6                   Defendant.

7    ------------------------------x

8                                    New York, NY
                                     July 12, 2006
9                                    9:30 a.m.

10   Before:

11                    HON. DENNY CHIN

12                                   District Judge

13                    APPEARANCES

14   MICHAEL J. GARCIA
          United States Attorney for the
15        Southern District of New York
     EDWARD O'CALLAGHAN
16   STEPHEN MILLER
     MICHAEL FARBIARZ
17        Assistant United States Attorneys

18   KOBRE & KIM
          Attorneys for Defendant
19   MICHAEL S. KIM
     LEIF T. SIMONSON
20   STEVEN W. PERLSTEIN
          Attorney for Defendants
21
     CHRISTOPHER CHAN
22        Attorney for Defendant

23   ALSO PRESENT:
          Nicholas Panagakos, FBI
24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

67CFPAR4                    Charge

1    (In open court; jury present)

2    THE COURT:  Please be seated.

3    All right, ladies and gentlemen, you should have two

4    documents, one is the thicker document called the charge, jury

5    charge.  The other is a three-page document entitled special

6    verdict form.  You can put aside the special verdict form for

7    now.  We'll get to that later.

8    The procedure is that I read this to you in open

9    court.  You can follow along, if you like.

10    Members of the jury:  You have now heard all of the

11    evidence in the case, as well as the final arguments of the

12    parties.  We have reached the point where you are about to

13    undertake your final function as jurors.  You have paid careful

14    attention to the evidence and I am confident that you will act

15    together with fairness and impartiality to reach a just verdict

16    in the case.  My duty at this point is to instruct you as to

17    the law.  It is your duty to accept these instructions of law

18    and to apply them to the facts as you determine them, just as

19    it has been my duty to preside over the trial and to decide

20    what testimony and evidence was relevant under the law for your

21    consideration.

22    On these legal matters, you must take the law as I

23    give it to you.  If any attorney has stated a legal principle

24    different from any that I state to you in my instructions, it

25    is my instructions that you must follow.  You are to consider

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1668

67CFPAR4                         Charge

1   these instructions together as a whole.  In other words, you

2   are not to isolate or give undue weight to any particular

3   instruction.

4           As members of the jury, the you are the sole and

5   exclusive judges of the facts.  You pass upon the evidence.

6   You decide the credibility of the witnesses.  You resolve such

7   conflicts as there may be in the testimony.  You draw whatever

8   reasonable inferences you decide to draw from the facts as you

9   have determined them, and you decide the weight of the

10  evidence.  It is your sworn duty, and you have taken the oath

11  as jurors, to determine the facts and to follow the law as I

12  give it to you.  You must not substitute your own notions or

13  opinions of what the law is or ought to be.

14          You are to evaluate the evidence calmly and

15  objectively without prejudice or sympathy.  You have to be

16  completely fair and impartial.  Your verdict must be based

17  solely on the evidence developed at this trial or the lack of

18  evidence.  The parties in this case are entitled to a trial

19  free from prejudice and bias.  Our judicial system cannot work

20  unless you reach your verdict through a fair and impartial

21  consideration of the evidence.

22          I remind you that in reaching your verdict, you are to

23  perform your duty of finding the facts without bias or

24  prejudice as to any party.  You must remember that all parties

25  stand as equals before a jury in the courts of the United

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

67CFPAR4                    Charge

1    States.  It would also be improper for you to allow any

2    feelings you might have about the nature of the crime charged

3    to interfere with your decision making process.  This case is

4    important to the defendant, Tongsun Park, who is charged with a

5    serious crime.  Equally, it is important to the government for

6    the enforcement of criminal laws, it is a matter of prime

7    concern to the Court.  The fact that the prosecution is brought

8    in the name of the United States does not entitle the

9    government or its witnesses to any greater consideration than

10   that accorded to any other party.  By the same token, the

11   government is entitled to no less consideration.  The

12   government and Mr. Park stand as equals at the bar of justice.

13          Your verdict must be based solely on the evidence or

14   the lack of evidence.

15          In determining the facts you must rely upon your own

16   recollection of the evidence.  What is evidence?  Evidence

17   consists only of the testimony of witnesses, the exhibits that

18   have been received and the stipulations of the parties; the

19   statements and arguments made by the lawyers are not evidence.

20   Their arguments are intended to convince you what conclusions

21   you should draw from the evidence or lack of evidence.  Now,

22   those arguments are important.  You should weigh and evaluate

23   them carefully.  But you must not confuse them with the

24   evidence as to what the evidence was.  It is your recollection

25   that governs, not the statements of the lawyers.  In this

1    connection, you should bear in mind that a question put to a

2    witness is never evidence.  It is the answer to the question

3    that is evidence.  One exception to this is that you may not

4    consider any answer that I directed you to disregard or that I

5    ordered to be stricken from the record.  You are not to

6    consider such answers.

7          To constitute evidence, exhibits must first be

8    received in evidence.  Exhibits marked for identification but

9    not admitted are not evidence, nor are materials brought forth

10   only to refresh a witness' recollection.

11         There are two types of evidence that you may properly

12   use in deciding whether a defendant is guilty or not guilty of

13   a crime with which he is charged.  One type of evidence is

14   called direct evidence.  Direct evidence of a fact in issue is

15   presented when a witness testifies to that fact based on what

16   he or she personally saw, heard or observed.  In other words,

17   when a witness testifies about a fact in issue that is known of

18   the witness' own knowledge by virtue of what he or she feels,

19   sees, touches or hears, that is called direct evidence of that

20   fact.  The second type of evidence is circumstantial evidence.

21   Circumstantial evidence is evidence that tends to prove a

22   disputed fact indirectly by proof of other facts.

23         There is a simple example of circumstantial evidence

24   that is often used in this courthouse.  Assume that when you

25   came in the courthouse this morning, the sun was shining and it

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67CFPAR4                    Charge

1    was a nice day outdoors.  Assume that the courtroom blinds, and

2    I'm now talking about the heavy blue curtains, were drawn, and

3    you could not look outside.  Assume further that as you were

4    sitting here, someone walked in with an umbrella that was

5    dripping wet.  Somebody else then walked in with a raincoat

6    that was also dripping wet.  Now, because you could not look

7    outside the courtroom and you could not see whether it was

8    raining, you would have no direct evidence of that fact.  But

9    from the combination of facts I had asked you to assume, it

10   would be reasonable and logical for you to conclude that it was

11   raining.  That is all there is to circumstantial evidence.  You

12   determine from reason and experience and common sense from one

13   established fact the existence or the non-existence of some

14   other fact.

15           The manner of drawing inferences from facts in

16   evidence is not a matter of guesswork or speculation.  An

17   inference is a logical, factual conclusion that you might

18   reasonably draw from other facts that have been proven.  Many

19   material facts, such as state of mind, are rarely easily proven

20   by direct evidence.  Usually such facts are established by

21   circumstantial evidence, and the reasonable inferences you

22   draw.

23           Circumstantial evidence may be given as much weight as

24   direct evidence.  The law makes no distinction between direct

25   and circumstantial evidence, but simply requires that before

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1672

67CFPAR4                  Charge

1    convicting a defendant, the jury must be satisfied of the

2    defendant's guilt beyond a reasonable doubt based on all the

3    evidence in the case.

4          You should draw no inference or conclusion for or

5    against any party by reason of lawyers making objections or my

6    rulings on such objections.  Counsel have not only the right

7    but the duty to make legal objections when they think that such

8    objections are appropriate.  In addition, you should draw no

9    inference or conclusion for or against any party by reason of

10   anyone's conduct or comments during the trial, other than the

11   conduct and statements of witnesses who took the witness stand

12   and testified.

13         From time to time, the lawyers and I had sidebar

14   conferences and other conferences out of your hearing.  These

15   conferences involved procedural and other matters and none of

16   the events relating to these conferences should enter into your

17   deliberations at all.

18         Nothing I say is evidence.  If I commented on the

19   evidence at any time, do not accept my statements in place of

20   your recollection or your interpretation.  It is your

21   recollection and interpretation that govern.  Also, do not draw

22   any inference from any of my rulings.

23         Now, on this note we did get a note from one of the

24   jurors during the trial about my description of the documents

25   and whether it was evidence.  That really wasn't evidence, but

              SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1    I think I was just describing the documents and the lawyers

2    were agreeing that I was accurately describing the documents.

3    I did that only because if you just heard a number, you

4    wouldn't know what it was, and in virtually every instance

5    those were the FBI reports we had talked about.

6           At times I may have admonished a witness or directed a

7    witness to be responsive to questions or to keep his or her

8    voice up.  At times I asked a question myself.  Any questions

9    that I asked or instructions that I gave were intended only to

10   clarify the presentation of evidence, and to bring out

11   something that I thought might be unclear.  You should draw no

12   inference or conclusion of any kind, favorable or unfavorable,

13   with respect to any witness or any party in the case by reason

14   of any comment, question, ruling or instruction of mine.  Nor

15   should you infer that I have any views as to the credibility of

16   any witness as to the weight of the evidence or as to how you

17   should decide any issue that is before you.  That is entirely

18   your role.

19          I am going to give you a few general instructions as

20   to how you may determine whether witnesses are credible and

21   reliable; whether the witnesses told the truth at this trial

22   and whether they knew what they were talking about.  How do you

23   determine that?  It is really just a matter of using your

24   common sense, your good judgment and your experience.  First,

25   consider how well the witness was able to observe or hear what

67CFPAR4                    Charge

1    he or she testified about.  The witness may be honest but

2    mistaken.  How did the witness' testimony impress you?  Did the

3    witness appear to be testifying honestly, candidly?  Were the

4    witness's answers direct or were they evasive?  Consider the

5    witness's demeanor, manner of testifying and strength in the

6    accuracy of recollection.  Consider whether any outside factors

7    might have affected a witness's ability to perceive events.

8    Consider the substance of the testimony.  How does the

9    witness's testimony compare with other proof in the case?  Is

10   it corroborated or is it contradicted by other evidence?  If

11   there is a conflict, does any version appear reliable, and if

12   so, which version seems more reliable?

13          In addition, you may consider whether a witness had

14   any possible bias or relationship with a party or any possible

15   interest in the outcome of the case.  Such a bias or

16   relationship does not necessarily make the witness unworthy of

17   belief.  These are simply factors that you may consider.  If a

18   witness made statements in the past that are inconsistent with

19   his or her testimony during the trial concerning facts that are

20   at issue here, you may consider that fact in deciding how much

21   of the testimony, if any, to believe.

22          In making this determination you may consider whether

23   the witness purposely made a false statement or whether it was

24   an innocent mistake.  You may also consider whether the

25   inconsistency concerns an important fact or merely a small

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1675

67CFPAR4                    Charge

1    detail as well as whether the witness had an explanation for

2    the inconsistency and if so, whether that explanation appealed

3    to your common sense.

4           If you find that a witness has testified falsely as to

5    any material fact or if you find that a witness has been

6    previously untruthful when testifying under oath or otherwise,

7    you may reject that witness' testimony in its entirety or you

8    may accept only those parts that you believe to be truthful or

9    that are corroborated by other independent evidence in the

10   case.  It is for you, the jury, and for you alone; not the

11   lawyers or the witnesses or me as a judge, to decide the

12   credibility of witnesses who appear here and the weight that

13   their testimony deserves.

14          You do not leave your common sense, good judgment or

15   life experiences behind you when you walk into the courtroom.

16   You carry that background into the jury room during your

17   deliberations.  Please remember, however, that you may not use

18   your experience and common sense to fill in or create evidence

19   that does not exist.  You use them only to draw reasonable

20   inferences from proven facts or to weigh and evaluate the

21   evidence provided during the trial.

22          You have heard testimony of law enforcement officials.

23   The fact that a witness may be employed by the federal

24   government as a law enforcement official does not mean that his

25   or her testimony is necessarily deserving of more or less

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67CFPAR4                    Charge

1    consideration or greater or lesser weight than that of an

2    ordinary witness.  At the same time, it is quite legitimate for

3    defense counsel to try to attack the credibility of a law

4    enforcement witness on the grounds that his or her testimony

5    may be colored by a personal or professional interest in the

6    outcome of the case.

7            It is your decision after reviewing all the evidence

8    whether to accept the testimony of the law enforcement

9    witnesses and to give that testimony whatever weight, if any,

10   you find it deserves.

11           You have heard evidence during the trial that some

12   witnesses have discussed the facts of the case and their

13   testimony with the lawyers before the witnesses appear in

14   court.  Although you may consider that fact when you're

15   evaluating a witness's credibility, I should tell you there's

16   nothing unusual or improper about a witness meeting with

17   lawyers before testifying, so that the witness can be aware of

18   the subjects he or she will be questioned about, focus on those

19   subjects and have the opportunity to review relevant exhibits

20   before being questioned about them.  Such consultation helps

21   conserve your time and the Court's time.  In fact, it would be

22   unusual to call a witness without such consideration.

23           You have heard the testimony of a witness who

24   testified that he was actually involved in carrying out the

25   crime charged in the indictment.  There has been a great deal

67CFPAR4                    Charge

1    said about this so-called accomplice witness in the summations

2    and whether you should believe him.  The government argues, as

3    it is permitted to do, that it must take the witnesses as it

4    finds them, and that it frequently must use such testimony in

5    criminal prosecutions, because otherwise it would be difficult

6    or impossible to detect and prosecute wrongdoers.  The

7    testimony of accomplices is properly considered by the jury.

8    If accomplices could not be used, there would be many cases in

9    which real guilt and convictions should be had, but in which

10   convictions would be unobtainable.  For these very reasons the

11   law allows the use of accomplice testimonies.  Indeed, it is

12   the law in federal courts that the testimony of one accomplice

13   may be enough in itself to convict a defendant if it convinces

14   you of a defendant's guilt beyond a reasonable doubt.

15          Because of the possible interest an accomplice may

16   have in testifying, however, the accomplice's testimony should

17   be scrutinized with special care and caution.  The fact that a

18   witness is an accomplice can be considered by you as bearing on

19   his or her credibility, but it does not follow simply because a

20   person has admitted to participating in one or more crimes,

21   that he or she is incapable of giving a truthful version of

22   what happened.  Accomplice witness testimony should be given

23   such weight as it deserves in light of the facts and

24   circumstances before you, taking into account the witness'

25   demeanor, candor, the strength and accuracy of a witness'

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

67CFPAR4                    Charge

1    recollection, his or her background, and the extent to which

2    his or her testimony is or is not corroborated by other

3    evidence in the case.

4           You may consider whether the accomplice witness, like

5    any other witness called in this case, has an interest in the

6    outcome of the case, and if so, whether it has affected his or

7    her testimony.

8           You heard testimony about an agreement between the

9    government and a witness.  I must caution you that it is no

10   concern of yours why the government made an agreement with a

11   witness.  Your sole concern is whether a witness has given

12   truthful testimony here in this courtroom before you.  In

13   evaluating the testimony of an accomplice witness, you should

14   ask yourselves whether the accomplice would benefit more by

15   lying or by telling the truth.  Was the testimony made up in

16   any way because the witness believed or hoped that he would

17   somehow receive favorable treatment by testifying falsely, or

18   did the witness believe that his interests would be best served

19   by testifying truthfully.

20          If you believe that the witness was motivated by hopes

21   of personal gain, was the motivation one that would cause the

22   witness to lie, or was it one that would cause him to tell the

23   truth?  Did this motivation color the testimony?  If you find

24   that the testimony was false, you should reject it.  If,

25   however, after a cautious and careful examination of the

1679

67CFPAR4                    Charge

1    accomplice witness' testimony and demeanor upon the witness

2    stand, you are satisfied that the witness told the truth, you

3    should accept it as credible and act upon it accordingly.

4           As with any witness, let me emphasize that the issue

5    of credibility need not be decided in an all or nothing

6    fashion.  Even if you find that a witness testified falsely in

7    one part, you still may accept his testimony in other parts or

8    may disregard all of it.  That is a determination entirely for

9    you, the jury.

10          (Continued next page.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      THE COURT:  You heard evidence that the government's

2   cooperating witness has pled guilty to charges arising out of

3   the same crime alleged in the indictment.  You may not conclude

4   that the defendant is guilty because the prosecution witness

5   pled guilty to similar charges.  That witness' decision to

6   plead guilty was a personal decision about his own guilt and

7   may not be used by you in any way to infer the defendant's

8   guilt.

9      You have heard testimony that the defendant made

10   certain statements outside the courtroom to law enforcement

11   authorities in which the defendant claimed that his conduct was

12   consistent with innocence and not with guilt.  The government

13   claims that many of these statements were false.  If you find

14   that a defendant gave a false statement to divert suspicion

15   from himself, you may but are not required to infer that the

16   defendant believed that he was guilty.  You may not, however,

17   infer on the basis of this alone that the defendant is in fact

18   guilty of the crime with which he is charged.  Whether the

19   evidence of the defendant's statement's shows that the

20   defendant believed that he was guilty and the significance if

21   any to be attached to any such evidence are matters for you,

22   the jury, to decide.

23      Tongsun Park, the defendant, is formally charged in an

24   indictment.  As I instructed you at the outset of this case,

25   the indictment is a charge or accusation.  It is not evidence.

67C4PAR5                    Charge

1    It does not purport to prove or even indicate guilt.  Hence,

2    you are to give it no weight in deciding the defendant's guilt

3    or nonguilt.  What matters is the evidence you heard at this

4    trial.

5            The indictment charges the defendant Tongsun Park with

6    conspiracy, that is, entering an agreement to violate federal

7    law.  He is charged with conspiring to commit three separate

8    crimes:  (1) acting in the United States as an agent of a

9    foreign government, to wit, the government of Iraq, without

10   prior notification to the Attorney General as required by law,

11   in violation of Title 18 U.S.C. Section 951; (2) acting in the

12   United States as an agent of a foreign principal, to wit, the

13   government of Iraq, without registering with the Attorney

14   General as required by law, in violation of the Foreign Agents

15   Registration Act of 1938, otherwise known as FARA, Title 22

16   U.S.C. Section 612(a) and 618(a)(1); and (3) transporting,

17   transmitting or transferring and attempting to transport

18   transmit and transfer, funds from a place outside the United

19   States, in this case Iraq, to a place in the United States,

20   with intent to promote the carrying on of specified unlawful

21   activity, to wit, a violation of FARA, in violation of Title 18

22   U.S.C. Sections 1956(a)(2)(A), and (c)(7)(D).

23           I will now describe the elements of this conspiracy

24   charge and its three objects.

25           A conspiracy is a kind of criminal partnership, an

1   agreement of two or more persons to join together to accomplish

2   some unlawful purpose.  The crime of conspiracy to violate a

3   federal law as charged in this indictment is an independent

4   offense.  It is separate and distinct from the actual violation

5   of any specific federal law which the law refers to as

6   substantive crimes.  In this case, the substantive crimes that

7   are the objects of the conspiracy are (i) acting as an agent of

8   a foreign government in the United States without prior

9   notification to the Attorney General; (ii) acting as an agent

10  of a foreign principal in the United States without prior

11  notification to the Attorney General; and (iii) transporting,

12  transmitting or transferring funds to promote specified

13  unlawful acts.

14          You may find the defendant guilty of the crime of

15  conspiracy to commit an offense against the United States even

16  if you find that the substantive crimes that were the objects

17  of the conspiracy were not actually committed.  Congress has

18  deemed it appropriate to make conspiracy standing alone a

19  separate crime, even if the conspiracy is not successful.

20          To sustain its burden of proof with respect to the

21  charge of conspiracy, the government must prove beyond a

22  reasonable doubt, the following four elements:

23          First, that at some time during the period from at

24  least in or about 1992 up to and including in or about December

25  2002, two or more persons entered the unlawful agreement

1683

67C4PAR5                          Charge

1    charged in the indictment;

2              Second, that the defendant knowingly and willfully

3    became a member of that conspiracy;

4              Third, that one of the members of the conspiracy, not

5    necessarily the defendant, but any one of the persons involved

6    in the conspiracy, knowingly committed at least one overt act

7    in the Southern District of New York, which includes Manhattan;

8    and

9              Fourth, that the overt act or acts were committed to

10   further some object of the conspiracy.

11             Let us separately consider the four elements.  First,

12   whether a conspiracy existed; second, whether the defendant

13   Tongsun Park knowingly and willfully associated himself with

14   and participated in the conspiracy; third, whether the

15   defendant or a co-conspirator committed at least one overt act

16   in the Southern District of New York; and fourth, whether that

17   overt act or acts were committed in furtherance of the

18   conspiracy.

19             Starting with the first element, what is a conspiracy.

20   As I mentioned just a few minutes ago, a conspiracy is an

21   agreement or an understanding between two or more persons to

22   accomplish by joint or concerted action a criminal or unlawful

23   purpose.  In this instance, the indictment charges three

24   objects or three unlawful purposes, as I mentioned before.

25             The gist or the essence of the crime of conspiracy is

           SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1684

67C4PAR5                        Charge

1    the unlawful agreement between two or more person to violate

2    the law.  As I mentioned earlier, the actual commission of the

3    crime that is the object of the conspiracy is not required.

4         The first element of the crime of conspiracy thus

5    haves two parts; (a) the agreement and (b) the object of the

6    conspiracy.

7         The government must first prove beyond a reasonable

8    doubt that two or more persons entered the unlawful agreement

9    described in the indictment.

10        Now, to prove the existence of a conspiracy, the

11   government is not required to show that two or more people sat

12   around a table and entered into a solemn pact orally or in

13   writing stating that they have formed a conspiracy to violate

14   the law and spelling out all the details.  Common sense tells

15   you that when people agree to enter into a criminal conspiracy,

16   much is left to the unexpressed understanding.  It is rare that

17   a conspiracy can be proven by direct evidence of an explicit

18   agreement.

19        For the government to show that a conspiracy existed,

20   the evidence must show that two or more persons in some way or

21   manner either explicitly or implicitly came to an understanding

22   to violate the law and to accomplish an unlawful plan.

23        In determining whether there has been unlawful

24   agreement as alleged in the indictment, you may consider the

25   actions of all the alleged co-conspirators that were taken to

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1685

67C4PAR5                       Charge

1    carry out the apparent criminal purpose.  The old adage actions

2    speak louder than words applies here.  Often the only evidence

3    that the available with respect to the existence of a

4    conspiracy is that of disconnected acts on the part of the

5    alleged individual co-conspirators.  When taken all together

6    and considered as a whole, however, that conduct may warrant

7    the inference that a conspiracy existed just as conclusively as

8    more direct proof, such as evidence of an express agreement.

9           So, you must first determine whether or not the proof

10   establishes beyond a reasonable doubt the existence of the

11   conspiracy charged in Count 1 of the indictment.  In

12   considering this first element, you should consider all the

13   evidence that has been admitted with respect to the conduct and

14   statements of each of alleged co-conspirator and any inferences

15   that may reasonably be drawn from that conduct and those

16   statements.  It is sufficient to establish the existence of the

17   conspiracy, as I have already said, if from the proof of all

18   the relevant facts and circumstances you find beyond a

19   reasonable doubt that the minds of at least two alleged

20   co-conspirators met in an understanding way to accomplish by

21   the means alleged one or more of the objectives of the

22   conspiracy charged in the indictment.

23          Object of the conspiracy.

24          The governments bears the burden of proving beyond a

25   reasonable doubt, the existence of a charged conspiracy that

                SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

67C4PAR5                    Charge

1   had at least one of the three alleged objects.  An object of a

2   conspiracy is an illegal goal that the co-conspirators agree or

3   hope to achieve.  If you find that the government has proven

4   beyond a reasonable doubt that a conspiracy existed to achieve

5   any one of the three objects set forth in the indictment, the

6   first element will be satisfied.  It is not necessary that you

7   find that a conspiracy existed that had all three objects for

8   you to find this element.  However, all of you must agree that

9   the conspiracy had at least one of the objects charged and all

10  the jurors must agree on the same object.  You may not convict

11  the defendant of the conspiracy unless you unanimously find

12  that a conspiracy existed with respect to at least one

13  particular object of the three objects charged.

14          I will discuss the three objects of the alleged

15  conspiracy in a few minutes.

16          If you are satisfied that the conspiracy described in

17  the indictment existed, then you must next determine the second

18  question; whether the defendant participated in that conspiracy

19  with knowledge of its unlawful purposes and in furtherance of

20  its unlawful objective.  The government must prove by evidence

21  relating to the defendant's own actions and conduct beyond a

22  reasonable doubt that the defendant knowingly, willfully and

23  intentionally entered into the conspiracy with a criminal

24  intent, that is, with a purpose to violate the law, and that

25  the defendant agreed to take part in the conspiracy to promote

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67C4PAR5                     Charge

1    and cooperate in its unlawful objective.

2             The use of the terms unlawfully, willfully,

3    intentionally and knowingly requires that for you to find the

4    defendant did join the conspiracy, you must conclude beyond a

5    reasonable doubt that he did so with knowledge of what he was

6    doing, in other words, that he took the actions in question

7    deliberately and voluntarily.

8             An act is done knowingly and intentionally if it is

9    done deliberately and purposefully, that is, the defendant's

10   acts but have been the product of the defendant's conscious

11   objective rather than a product of mistake, action, mere

12   negligence, or other some other innocent reasons.

13            I am not sure what action means in that.  Scratch

14   action, ladies and gentlemen.  A product of mistake, there must

15   be a word missing, a product of mistake, mere negligence, or

16   some other innocent reasons.

17            Willfully means to act with knowledge that one's

18   conduct is unlawful and with the intent to do something that

19   the law forbids, that is to say, with a bad purpose to disobey

20   or disregard the law.

21            Unlawfully simply means contrary to United States law.

22   The defendant need not have known he was breaking any

23   particular law, but he must have been aware of the generally

24   unlawful nature of his acts under the laws of the United

25   States.

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1    Now, science has not yet devised a way of looking into

2    a person's mind and knowing what that person is thinking.  You

3    do have before you, however, the evidence of certain acts and

4    conversations alleged to have taken place with the defendant or

5    with the defendant's knowledge.  The government contends that

6    these acts and conversations show beyond a reasonable doubt the

7    defendant's knowledge of the unlawful purposes of the

8    conspiracy.

9    The defendant denies that he was a member of the

10   conspiracy.  It is for you to determine whether the government

11   has established beyond a reasonable doubt that such knowledge

12   and intent on the part of the defendant existed.  It is not

13   necessary for the government to show that the defendant was

14   fully informed as to all the details of the conspiracy for you

15   to infer knowledge on his part.  To have guilty knowledge, the

16   defendant need not know of the full extent of the conspiracy or

17   all of the activities of all of its participant.  It is not

18   even necessary for the defendant to know every other member of

19   the conspiracy.  In fact, the defendant may know only one other

20   member of the conspiracy and still be a co-conspirator.

21   Each member of a conspiracy may perform separate and

22   distinct acts.  Some conspirators may play major roles while

23   others play minor roles in the scheme.  An equal role is not

24   what the law requires.  In fact, even a single act may be

25   sufficient to draw the defendant within the scope of the

67C4PAR5                    Charge

1   conspiracy.

2           I want to caution you, however, that a person's mere

3   association with a member of the conspiracy does not make that

4   person a member of the conspiracy even when that association is

5   coupled with knowledge that a conspiracy is taking place.  Mere

6   presence at the scene of a crime, even coupled with knowledge

7   that a crime is taking place, is not sufficient to support a

8   conviction.  In other words, knowledge without agreement and

9   participation is not sufficient.  What is necessary is that the

10  defendant participated in the conspiracy with knowledge of its

11  unlawful purpose and with an intent to aid in the

12  accomplishment of an unlawful objective.

13          In sum, the defendant with an understanding of the

14  unlawful nature of the conspiracy must have intentionally

15  engaged, advised, or assisted in the conspiracy for the purpose

16  of furthering an illegal undertaking.  The defendant thereby

17  becomes a knowing and willing participant in the unlawful

18  agreement, that is to say, a conspirator.

19          The third element of the conspiracy is the requirement

20  of an overt act.  To sustain its burden of proof, the

21  government must show beyond a reasonable doubt that at least

22  one overt act was committed by at least one of the conspirators

23  in the Southern District of New York.  Again, I instruct you

24  that as a matter of law, Manhattan falls within the geographic

25  boundaries of the Southern District of New York.

            SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67C4PAR5                    Charge

1       Proof of an overt act is required because there must

2   have been something more than mere agreement on the part of the

3   conspirators, some overt step or action must have been taken by

4   at least one of the conspirators in furtherance of the

5   conspiracy.

6       The government has alleged the following overt acts in

7   the indictment, and I will read them from the indictment now.

8   Ladies and gentlemen, when you go in, we will give you copies

9   of the indictment.  I will read you the overt acts which appear

10  in paragraph 7 of the indictment.

11      A.  In or about February 1993, Tongsun Park, the

12  defendant, arranged a meeting among Park, Samir Vincent, and a

13  high-ranking United Nations official (U.N. official number 1)

14  at the Manhattan residence of U.N. official number 1.

15      B.  In or about 1997, Samir Vincent met with a staff

16  member of an official of the United States government to seek

17  that official's support of a program under which the government

18  of Iraq would be allowed to sell oil and use the revenues to

19  purchase humanitarian goods.

20      C.  In or about February 1996, Samir Vincent traveled

21  to Baghdad where he participated in the drafting of agreements

22  with an Iraqi official relating to the compensation of Samir

23  Vincent and Park for their efforts on behalf of the government

24  of Iraq with respect to resolution 986.

25      D.  In or about May 1996, near Washington, D.C., Samir

67C4PAR5                    Charge

1    Vincent gave Park approximately $400,000 in cash that Samir

2    Vincent had received in Manhattan from a representative of the

3    government of Iraq in partial satisfaction of the agreements

4    referenced above in paragraph C.

5           E.  In or about 1996, Park, Samir Vincent, and a

6    high-ranking Iraqi official and high-ranking United Nations

7    official (U.N. official number 2) met at a Manhattan

8    restaurant.

9           F.  In or about July 1997, Samir Vincent wrote a

10   letter to a high-level Iraqi official in which Samir Vincent

11   explained that both Samir Vincent's group and the Korean group,

12   a reference to Park, were supposed to take care of U.N.

13   official number 1 from the money that the two groups received

14   pursuant to the agreements referenced above in paragraph C.

15          G.  In or about -- that's pretty good circumstantial

16   evidence that it's about to rain -- in or about July 1997, Park

17   traveled to Iraq to collect money from representatives of the

18   government of Iraq.

19          H.  In or about August 1997, Park met U.N. official

20   number 2 in Manhattan to discuss Park's investment in a company

21   in which U.N. official number 2 had a financial interest.

22          I.  On or about February 12, 2001, Samir Vincent and a

23   representative of the government of Iraq signed a contract in

24   which Iraq agreed to sell Samir Vincent approximately 2 million

25   barrels of oil as part of the oil-for-food program.

1    J.   In or about April 2001, Samir Vincent wrote a

2    letter to an official of the government of Iraq in which Samir

3    Vincent emphasized his efforts on behalf of the government of

4    Iraq in the United States and recommended that any required

5    surcharges on his oil allocations under the oil-for-food

6    program be deducted from the amount still owed to him under the

7    agreements referenced above in paragraph C.

8         Then finally,

9    K.   On or about May 20, 2002, Samir Vincent sent a

10   letter to an official of the Iraqi Intelligence Service in

11   which Samir Vincent emphasized his efforts on behalf of the

12   government of Iraq in the United States and requested payment

13   of the amount still owed to him under the agreements referenced

14   above in paragraph C.

15        So those are the overt acts that are alleged in the

16   indictment.

17        For the government to satisfy this element, it is not

18   required that all of the overt acts alleged in the indictment

19   being proven.  You may also find that overt acts not alleged in

20   the indictment were committed.  The only requirement is that

21   one of the members of the conspiracy, not necessarily the

22   defendant in this case, has taken some step or action in

23   furtherance of the conspiracy in the Southern District of New

24   York during the life of the conspiracy.  To put plainly, the

25   overt act element requires that the agreement went beyond the

1   mere talking or agreement stage.

2        You are further instructed that the overt act need not

3   have been committed at precisely the time of the indictment.

4   It is sufficient if you are convinced beyond a reasonable doubt

5   that it occurred at or about the time and place stated, so long

6   as it occurred while the conspiracy was still in existence.  As

7   I will instruct you in more detail in moment, however, to

8   convict, you must find that at least one overt act in

9   furtherance of the conspiracy was committed, not necessarily by

10  the defendant but by any co-conspirator, on or after January

11  23, 2001.

12        You should bear in mind that the overt act standing

13  alone may be an innocent, lawful act.  Frequently, however, an

14  apparently innocent act sheds its harmless character if it is a

15  step in carrying out, promoting, aiding, or assisting the

16  conspiratorial scheme.  You are therefore instructed that the

17  overt act does not have to be an act that in and of itself is

18  illegal.

19        The fourth and final element that the government must

20  prove beyond a reasonable doubt is that the overt act was

21  committed for the purpose of carrying out the unlawful

22  agreement.  For the government to satisfy this element, it must

23  prove beyond a reasonable doubt that at least one overt act was

24  knowingly done during the period when the conspiracy was in

25  existence by at least one conspirator in furtherance of the

67C4PAR5                    Charge

1    object of the conspiracy charged in the indictment.

2             Now I am going to instruct you as to the elements of

3    the underlying crimes alleged to have been the objects of the

4    charged conspiracy.

5             The first two objects involve what I will call the

6    prior notification statute and FARA.  These statutes have

7    similar purposes as they recognize that government officials

8    and the public generally should be able to identify those who

9    act on behalf of a foreign government or principal.  Public

10   disclosure is needed for the public and the government to be

11   actively able to evaluate the activity of others.  The laws are

12   intended to protect against interference with the foreign

13   relations, neutrality, and foreign commerce of the United

14   States.  The third object involves what is sometimes referred

15   to as the money laundering statute which in this context

16   prohibits the transporting of funds into the United States to

17   promote a violation of FARA.

18            Of the first alleged object of the conspiracy is

19   acting in the United States as an agent of a foreign government

20   without prior notification to the Attorney General of the

21   United States.  The relevant statute is Title 18 U.S.C. Section

22   951, which provides in relevant part as follows:

23            Whoever acts in the United States as an agent of a

24   foreign government without prior notification to the Attorney

25   General shall be guilty of a crime.

67C4PAR5                    Charge

1          There are three elements to this crime:

2          First, that a conspirator, not necessarily the

3     defendant, acted in the United States as an agent of a foreign

4     government, specifically in this case, the government of Iraq;

5          Second, that the conspirator failed to notify the

6     Attorney General of the United States that he would be acting

7     in the United States as an agent of the foreign government

8     prior to so acting;

9          Third, that the conspirator acted knowingly and knew

10    that he had not provided prior notification to the Attorney

11    General; and

12         Fourth, that the conspirator acted at least in part as

13    an agent for the foreign government in the Southern District of

14    New York.

15         The government need not prove that any of the

16    conspirators knew of the requirement to notify the Attorney

17    General before acting as an agent of a foreign government.  In

18    addition, I instruct you that the notification required under

19    the statute shall be effective only if it is made by the agent

20    in the form of a letter, telex or facsimile addressed to the

21    Attorney General prior to an agent commencing the services in

22    the United States on behalf of the foreign government.

23         An agent of a foreign government means an individual

24    who agrees to operate within the United States subject to the

25    direction or control of a foreign government or official.  The

67C4PAR5                    Charge

1   term does not include any person engaged in a legal commercial

2   transaction.

3         The term legal commercial transaction means any

4   exchange, transfer, purchase or sale of any commodity, service

5   or property of any kind not prohibited by federal or state law.

6         The term foreign government includes any person or

7   group of persons exercising sovereign political jurisdiction

8   over any country, other than the United States, or over any

9   part of such country and includes any subdivision of any such

10  group or agency to which such sovereign authority or functions

11  are directly or indirectly delegated.

12        I have explained the meaning of the term knowingly,

13  and you should use that definition.

14        The second alleged object of the conspiracy is acting

15  in the United States as an agent of a foreign principal without

16  filing a registration statement with the Attorney General of

17  the United States.  The relevant statute is Title 22, 18

18  U.S.C., Section 612(a) which provides in relevant part as

19  follows:

20        No person shall act as an agent of a foreign principal

21  unless he has filed with the Attorney General a true and

22  complete registration statement and supplements thereto as

23  required by law.

24        The statutes continues:

25        Every person who becomes an agent of a foreign

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1697

67C4PAR5                    Charge

1    principal shall within 10 days thereafter file with the
2    Attorney General in duplicate a registration statement under
3    oath on a form prescribed by the Attorney General.  The
4    obligation of an agent of a foreign principal to file a
5    registration statement shall, after the 10th day of his
6    becoming such agent, continue from day to day, and termination
7    of such status shall not relieve such agent of his obligation
8    to file a registration statement for the period during which he
9    was an agent of a foreign principal.
10           Finally, Title 22, U.S.C., Section 618(a)( 1) provides
11   that anyone who willfully violates these provisions shall be
12   guilty of a crime.
13           There are four elements to this crime.
14           First, that a conspirator, not necessarily the
15   defendant, acted in the United States as an agent of a foreign
16   principal, specifically in this case, the government of Iraq;
17           Second, that the conspirator failed to file with the
18   Attorney General of the United States a true and complete
19   registration form as required by law;
20           Third, that the conspirator acted willfully and knew
21   that he had not filed the requisite registration form with the
22   Attorney General; and
23           Fourth, that the conspirator acted at least in part as
24   an agent for a foreign principal in the Southern District of
25   New York.

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1698

67C4PAR5                    Charge

1    Let me define some of the terms.

2    The term person includes an individual, partnership,

3    association, corporation, organization, or any other

4    combination of individuals.  The term foreign principal

5    includes a government of a foreign country and a foreign

6    political party.  The alleged foreign principal in this case is

7    the government of Iraq.  The term agent of a foreign principal

8    is defined as:

9    (1) any person who acts as an agent, representative,

10   employee or servant or any person who acts in any other

11   capacity at the order, request, or under the direction or

12   control of a foreign principal or of a person, any of whose

13   activities are directly or indirectly supervised, directed,

14   controlled, financed, or subsidized in whole or in major part

15   by a foreign principal and who directly or through any other

16   person (i) engages in the United States in political activities

17   or in the interests of such foreign principal; (ii) acts within

18   the United States as a public relations counsel, publicity

19   agent, information-service employee or political consultant for

20   or in the interests of such foreign principal; (iii) within the

21   United States solicits, collects, disburses, or dispenses

22   contributions, loans, money or other things of value for or in

23   the interest of such foreign principal; or (iv) within the

24   United States represents the interests of such foreign

25   principal before any agency or official of the government of

1699

67C4PAR5                    Charge

1   the United States; and

2          (2) any person who agrees, consents, assumes or

3   purports to act as or who is or holds himself out to be,

4   whether or not pursuant to contractual relationship, an agent

5   of a foreign principal as defined above.

6          The term political activities means any activity that

7   the person engaging in believes will or that the person intends

8   to in any way influence any agency or official of the

9   government of the United States or any section of the public

10  within the United States with reference to formulating,

11  adopting, or changing domestic or foreign policy of the United

12  States or with reference to the political or public interests,

13  policies, or relations of a government of a foreign country or

14  a foreign political party.

15         An agent of a foreign principal is exempt from the

16  filing requirements if the person engages or agrees to engage

17  only (1) in private or nonpolitical activity in furtherance of

18  the bona fide trade or commerce of such foreign principal; or

19  (2) in other activities not serving predominantly a foreign

20  interest; or (3) in the solicitation or collecting of funds and

21  contributions within the United States to be used only for

22  medical aid and assistance or for food and clothing to relieve

23  human suffering.

24         I have explained the meaning of the term willfully,

25  and you should use that definition here as well.

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67C4PAR5                      Charge

1     The third alleged object of the conspiracy is the

2 transporting or attempted transporting of funds to promote

3 specified unlawful activity.  The relevant statute is Title 18

4 U.S.C. Section 1956(a)(2)(A), which provides in relevant part:

5     Whoever transports, transmits, or transfers, or

6 attempts to transport, transmit or transfer, a monetary

7 instrument or funds from a place in the United States to or

8 through a place outside the United States or to a place in the

9 United States from or through a place outside the United States

10 with the intent to promote the carrying on of specified

11 unlawful activity, shall be guilty of a crime.

12     There are three elements to this crime:

13     First, that a conspirator, not necessarily the

14 defendant, knowingly transported, transmitted or transferred or

15 attempted to transport, transmit or transfer a monetary

16 instrument or funds;

17     Second, that the transportation, transmission, or

18 transfer was or was intended to be to a place in the United

19 States from or through a place outside the United States;

20     Third, that the intent in transporting, transmitting

21 or transferring the money instrument or funds was to promote

22 the carrying on of specified unlawful activity, will is in this

23 case, acting as an agent of a foreign principal without filing

24 the requisite registration form with the Attorney General as

25 described above.

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1701

67C4PAR5                    Charge

1       Let me define some terms.

2       The term monetary instrument includes currency of the

3   United States or any other country, travelers checks, personal

4   checks, bank checks, money orders, and other negotiable

5   instruments.  The term funds refers to among other things

6   money.

7       Transport, transmit, and transfer are not words that

8   require definition; those words have their ordinary everyday

9   meaning.  The government may but need not prove that the

10  defendant physically carried the funds or monetary instrument

11  to prove that the defendant is responsible for transporting it.

12  All that is required is to prove that the defendant caused the

13  funds or monetary instrument to be transported, transmitted, or

14  transferred to a place in the United States from or through a

15  place outside the United States.

16      In this context the term promote means to encourage,

17  to help bring into being, or to move forward or further a

18  particular goal.  It is not limited to the financing of future

19  criminal acts.  A conspirator can also promote the carrying on

20  of specified unlawful activity by receiving the proceeds of

21  that unlawful activity if that receipt is part of the

22  completion of the unlawful activity.  This is true even if the

23  conspirator then uses those proceeds for purely personal

24  purposes.

25      Certain evidence was admitted at this trial concerning

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

67C4PAR5                    Charge

1    acts and statements of others because such acts were committed

2    and such statements were made by people who the government

3    contend were confederates or co-conspirators of the defendant.

4            The reason for allowing this evidence to be received

5    against the defendant has to do with the nature of the crime of

6    conspiracy.  As I have said, a conspiracy is often referred to

7    as a partnership in crime.  As in other types of partnerships

8    when people enter into a conspiracy to accomplish an unlawful

9    end, each and every member becomes an agent for the other

10   conspirators in carrying out the conspiracy.

11           Therefore, the reasonably foreseeable acts or

12   statements of any member of the conspiracy committed in

13   furtherance of the common purpose of the conspiracy are deemed

14   under the law to be the acts or statements of all of the

15   members and all of the members are responsible for such acts or

16   statements.

17           If you find beyond a reasonable doubt that the

18   defendant was a member of the conspiracy alleged in the

19   indictment, than any acts done or statements made in

20   furtherance of the conspiracy by a person also found by you to

21   have been a member of the same conspiracy may be considered

22   against the defendant.  This is so even if such acts were

23   committed or such statements were made in the defendant's

24   absence and without his knowledge.

25           Before you may consider the acts or statements of a

67C4PAR5                    Charge

1    co-conspirator in deciding the guilt of the defendant, you must

2    first determine that the acts were committed or that the

3    statements were made during the existence and in furtherance of

4    the unlawful scheme to which the defendant knowingly agreed.

5    If the acts were done or the statements were  made by someone

6    whom you do not find to  have been a member of the conspiracy

7    or if they were not in furtherance of the conspiracy to which

8    the defendant knowingly agreed, then they may not be considered

9    by you in deciding whether the defendant is guilty or not

10   guilty.

11           Acts done or statements made by an alleged

12   co-conspirator before a defendant joined a conspiracy may also

13   be considered by you in determining whether the government has

14   proven beyond a reasonable doubt the existence of a conspiracy.

15   Acts done or statements made before an alleged conspiracy began

16   or after an alleged conspiracy ended, however, may only be

17   considered by you regarding the person who performed that act

18   or made that statement.

19           As I have explained, Count 1 of the indictment

20   requires the government to prove that the defendant acted

21   knowingly.  In determining whether the defendant acted

22   knowingly, you may consider whether the defendant deliberately

23   closed his eyes to what otherwise would have been obvious.

24           Knowledge on the part of the defendant cannot be

25   established by showing that the defendant was careless,

67C4PAR5                    Charge

1   negligent or foolish.  On the other hand, one may not willfully

2   and intentionally remain ignorant of a fact material and

3   important to his conduct to escape the consequences of criminal

4   law.

5           Thus, if you find beyond a reasonable doubt that the

6   defendant was aware that there was a high probability that a

7   co-conspirator was acting as an agent of a foreign government

8   without notifying the Attorney General or acting as an agent of

9   a foreign principal without registering or transmitting funds

10  to promote the acting as an unregistered agent of the foreign

11  principal but that the defendant deliberately and consciously

12  avoided confirming this fact, then you may treat this

13  deliberate avoidance of positive knowledge as the equivalent of

14  knowledge, unless you find that the defendant actually believed

15  that he was not engaged in such unlawful behavior.  In other

16  words, a defendant cannot avoid criminal responsibility for his

17  own conduct by deliberately closing his eyes or remaining

18  purposefully ignorant of facts that would confirm to him that

19  he was engaged in criminal conduct.

20          The indictment charges that this conspiracy existed

21  from at least in or about 1992 up to and including in or about

22  December 2002.  It is not essential that the government prove

23  that the conspiracy started and ended on those specific dates.

24  It is sufficient if you find that, in fact, a conspiracy was

25  formed, that it existed for any time within the period set

67C4PAR5                    Charge

1    forth in the indictment, and that at least one overt act was

2    committed by any conspirator in furtherance of the conspiracy

3    after -- it should be on or after -- on or after January 23,

4    2001.

5           The duration and extent of the defendant's

6    participation has no bearing on the issue of the defendant's

7    guilt.  He need not have joined the conspiracy at the outset.

8    He may have joined it at any time in its progress and he will

9    still be held responsible for all that was done before he

10   joined and all that was done during the conspiracy's existence

11   while he was a member.

12          A conspiracy once formed is presumed to continue until

13   either its objective is accomplished or there is some

14   affirmative act of termination by its members.  Where a

15   conspiracy's purpose is economic enrichment, that jointly

16   undertaken scheme continues through the conspirators' receipt

17   of their anticipated economic benefit.  So too, once a person

18   is found to be a member of a conspiracy, that person is

19   presumed to continue his or her membership in the venture until

20   the last overt act by any of the co-conspirators, or its

21   termination, unless it is shown by some firm affirmative proof

22   of the individual's withdrawal from the conspiracy.

23          In most situations the law imposes a limit on the time

24   the government has to indict a person for committing a crime.

25   This is called the statute of limitations.  In this case the

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1706

67C4PAR5                    Charge

1    statute of limitations is five years.  Thus, the government

2    must convince you beyond a reasonable doubt that the conspiracy

3    charged in the indictment continued until at least January 23,

4    2001, five years prior to the filing of the indictment.

5             The government must also prove beyond a reasonable

6    doubt that at least one overt act in furtherance of the

7    conspiracy was committed by any conspirator, not necessarily

8    the defendant, on or after January 23, 2001.  Further, that

9    overt act must have been reasonably foreseeable to the

10   defendant.

11            Thus, if you are not persuaded that the charged

12   conspiracy continued until January 23, 2001, or you are not

13   persuaded that at least one overt act in furtherance of the

14   conspiracy was committed on or after January 23, 2001, or that

15   such overt act was not reasonably foreseeable to the defendant,

16   then you must find the defendant not guilty.  On the other

17   hand, if you find that Park was a member of a conspiracy that

18   continued to until at least January 23, 2001 and that at least

19   one overt act was committed, not necessarily by the defendant,

20   on or after January 23, 2001, then you must find him guilty.

21            Moreover, until August 26, 2001, the international

22   transportation of funds for the purpose of promoting a

23   violation of FARA, the third object alleged in the indictment

24   was not a crime.  Therefore, for you to find the defendant

25   guilty of conspiring to transport, transmit, or transfer funds,

SOUTHERN DISTRICT REPORTERS, P.C.           (212) 805-0300

1707

67C4PAR5                      Charge

1    the government must prove in addition to the requirements set

2    forth above, beyond a reasonable doubt that at least one overt

3    act in furtherance of the money laundering object of the

4    conspiracy was committed by any conspirator after October 26,

5    2001.

6           The defendant has raised the defense that if he was a

7    member of a conspiracy, he withdrew from that conspiracy.  You

8    should only consider this defense if you have found that the

9    government has proven beyond a reasonable doubt that there was

10   a conspiracy as alleged in the indictment and that the

11   defendant knowingly and voluntarily became a member of that

12   conspiracy.

13          As I have said, once a person joins a conspiracy, that

14   person remains a member until the conspiracy is completed or he

15   withdraws from it.  Any withdrawal must be complete and it must

16   be done in good faith.

17          A person can withdraw from a conspiracy by taking some

18   affirmative steps to terminate or abandon his participation in

19   and efforts to promote the conspiracy.  In other words, the

20   defendant must have demonstrated some type of definite,

21   decisive or affirmative action that disavowed or defeated the

22   purpose of the conspiracy.  Mere cessation of conspiratorial

23   activities is not enough to satisfy this standard.  For

24   withdrawal to be complete, the defendant must not take any

25   subsequent acts to promote the conspiracy or receive any

SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1708

67C4PAR5                          Charge

1    additional benefit from the conspiracy.

2            By way of example, a defendant may withdraw from a

3    conspiracy by giving timely warning to the proper law

4    enforcement officials or wholly depriving his prior efforts of

5    effectiveness in the commission of the crime or doing acts that

6    are inconsistent with the objective of the conspiracy and

7    making reasonable efforts to communicate those acts to his

8    co-conspirators.

9            Withdrawal from a conspiracy does not erase a

10   conspirator's participation in a conspiracy prior to his

11   withdrawal.  Put another way, withdrawal is only

12   forward-looking; it is not retroactive.

13           The defendant has the burden of proving that he

14   withdrew from the conspiracy by a preponderance of the

15   evidence.  To prove something by a preponderance means to prove

16   that it is more likely true than not.  It is determined by

17   considering all the evidence and deciding which evidence is

18   more convincing.

19           In determining whether the defendant has proven that

20   he withdrew from the conspiracy, you may consider the relevant

21   testimony of all witnesses, regardless of who may have called

22   them, and all the relevant exhibits received in evidence

23   regardless of who may have produced them.  If the evidence

24   appears to be equally balanced, or if you cannot say upon which

25   side it weighs heavier, you must resolve this question against

             SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1709

67C4PAR5                    Charge

1    the defendant.

2         The fact that the defendant has raised this defense

3    does not relieve the government of its burden of proving that

4    there was an agreement and that the defendant knowingly and

5    voluntarily joined it.  Those are things that the government

6    still must prove beyond a reasonable doubt for you to convict

7    the defendant of the crime of conspiracy.

8         If you determine that the defendant withdraw from the

9    conspiracy, then any acts or declarations of a co-conspirator

10   that are made after the date of the defendant's withdrawal

11   cannot be considered as evidence against the defendant.

12        Here, there are two inquiries related to the

13   withdrawal defense, assuming that you find that the conspiracy

14   alleged in the indictment existed.  First, has Mr. Park proven

15   by a preponderance of the evidence that he withdrew prior to

16   January 23, 2001; second, if not has he proven that he withdrew

17   prior to October 26, 2001.  Obviously, if you answer the first

18   question yes, you need not reach the second question.

19        The defendant contends contend that the government's

20   proof fails to show the existence of only one overall

21   conspiracy.  Rather, the defendant contends that, if anything,

22   there were actually several separate and independent

23   conspiracies with various groups of members.

24        Whether there existed a single unlawful agreement or

25   many such agreements or indeed no agreement at all is a

              SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

1   question of fact for you, the jury, to determine in accordance

2   with the instructions I am about to give you.

3          When two or more people join together to further one

4   common unlawful design or purpose, a single conspiracy exists.

5   By way of contrast, multiple conspiracies exist when there are

6   separate unlawful agreements to achieve distinct purposes.

7   Here, Count 1 of the indictment charges a single conspiracy,

8   the purposes or objects of which have been described above.

9          You may find that there was a single conspiracy

10  despite the fact that there were changes in personnel, by the

11  withdrawal of some members and/or additions of new members, or

12  changes in activities, or both.  All that is required is that

13  at least some co-conspirators continued to act for the entire

14  duration of the conspiracy for the purposes charged in the

15  indictment.  That the members of a conspiracy are not always

16  identical does not necessarily imply that separate conspiracies

17  exist.

18         Even if you should find that there were multiple

19  conspiracies, however, you may still convict the defendant on

20  the conspiracy charge if you find beyond a reasonable doubt

21  that one of those conspiracies was the conspiracy  charged in

22  the indictment, as long as the government also proves beyond a

23  reasonable doubt that the defendant was a member of that

24  conspiracy.

25         Remember that the proof of several separate and

67C4PAR5                    Charge

1   independent conspiracies is not necessarily proof of the

2   conspiracy charged in the indictment.  Rather, the key in that

3   event is whether one of the conspiracies proven is in fact the

4   conspiracy charged in the indictment.  If you find that the

5   government failed to prove the existence of the conspiracy

6   charged in Count 1, you cannot find the defendant guilty even

7   if you find that some conspiracy other than the one charged in

8   Count 1 existed, even though the purposes of both conspiracies

9   may have been similar and even though there may have been some

10  overlap in membership.

11          Likewise, if you find that the defendant was a member

12  of some other conspiracy that is not charged in the indictment

13  and was not a member of the particular conspiracy charged in

14  the indictment, then you must acquit the defendant on Count 1.

15          Therefore, as to this issue, what you must do is

16  determine whether the conspiracy charged in Count 1 existed.

17  If it did, you then must determine the nature of the conspiracy

18  and whether the defendant was a member.

19          We are almost done.

20          The defendant Tongsun Park has pled not guilty.  In so

21  doing Mr. Park has denied every allegation against him.  As a

22  result of his plea of not guilty, the burden is on the

23  government to prove the defendant's guilt beyond a reasonable

24  doubt.  This burden never shifts to the defendant for the

25  simple reason that the law never imposes upon a defendant in a

                SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

1   criminal case the burden or duty of calling any witness or

2   producing any evidence.

3          The law presumes a defendant to be innocent of all

4   charges against him.  I have therefore instructed you that

5   Mr. Park is to be presumed by you to be innocent throughout

6   your deliberations.

7          The defendant began the trial here with a clean slate.

8   This presumption of innocence alone is sufficient to acquit the

9   defendant unless you as jurors are unanimously convinced beyond

10  a reasonable doubt of his guilt after a careful and impartial

11  consideration of all the evidence in this case.  If the

12  governments fails to sustain its burden as to the defendant,

13  you must find him not guilty.  This presumption was with the

14  defendant when the trial began, remains with him even now as I

15  speak to you, and will continue with him into your

16  deliberations unless and until you are convinced that the

17  government has proven his guilty beyond a reasonable doubt.

18         Now, the question naturally is what is reasonable

19  doubt.  The words almost define themselves.  It is a doubt that

20  a reasonable person has after carefully weighing all of the

21  evidence.  It is a doubt that would cause a reasonable person

22  to hesitate to act in a matter of importance in his or her

23  personal life.  Proof beyond a reasonable doubt must,

24  therefore, be proof of such a convincing character that a

25  reasonable person would not hesitate to rely and act upon it in

67C4PAR5                    Charge

1    the most important of his or her own affairs.  A reasonable
2    doubt is not caprice or whim; it is not speculation or
3    suspicion.  It is not an excuse to avoid the performance of an
4    unpleasant duty.  And it is not sympathy.
5           In a criminal case, the burden of proof burden is at
6    all times upon the government to prove guilt beyond a
7    reasonable doubt.  The law does not require that the government
8    prove guilt beyond all possible doubt, but rather proof beyond
9    a reasonable doubt is sufficient to convict.  The burden never
10   shifts to the defendant which means that it is always the
11   government's burden to prove each of the elements of the crimes
12   charged beyond a reasonable doubt.
13          If after a fair and impartial consideration of all the
14   evidence you have a reasonable doubt as to the defendant, you
15   must acquit the defendant.  On the other hand -- that should be
16   as to the guilt of the defendant.  Let me do that sentence
17   again.
18          If after fair and impartial consideration of all of
19   the evidence you have a reasonable doubt as to the guilt of the
20   defendant, you must acquit the defendant.  On the other hand,
21   if after fair and impartial consideration of all the evidence
22   you are convinced beyond a reasonable doubt of the guilt of the
23   defendant, it is your duty to convict the defendant.
24          The defendant did not testify in this case.  Under our
25   Constitution, a defendant has no obligation to testify or to

1714

67C4PAR5                        Charge

1   present any evidence because it is the government's burden to

2   prove a defendant guilty beyond a reasonable doubt.  That

3   burden remains with the government throughout the entire trial

4   and never shifts to the defendant.  A defendant is never

5   required to prove that he is innocent.

6           You may not attach any significance to the fact that

7   the defendant here did not testify.  No adverse inference

8   against him may be drawn by you because he did not take the

9   witness stand.  You may not consider this against him in any

10  way in your deliberations in the jury room.

11          Members of the jury, that about concludes my

12  instructions to you.  You are about to go into the jury room to

13  begin your deliberations.  If during those deliberations you

14  want to see any of the exhibits, you may request to see them

15  and we will either send them into the jury room or we will

16  bring you back out to the courtroom to see them.  If you want

17  any of the testimony read, you may also request that.  Please

18  remember that it is not always easy to locate what you might

19  want, so be as specific as you possibly can in requesting

20  exhibits or portions of the testimony.

21          If you want any further explanation of the law as I

22  have explained it to you, you may also request that from the

23  court.  If there is any doubt or question about the meaning of

24  any part of this charge, you should not hesitate to send me a

25  note asking for clarification or for a further explanation.

        SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

67C4PAR5                    Charge

1      Your requests for exhibits or testimony, in fact, any

2   communications with the court, should be made to me in writing,

3   signed by your foreperson and given to one of the marshals.  In

4   any event, do not tell me or anyone else how the jury stands on

5   any issue until after a unanimous verdict is reached.

6      By the way, if you want some testimony read back,

7   please be as specific as you can because, otherwise, you could

8   be asking for a lot.  If you ask for the testimony of

9   Mr. Vincent, for example, you would be getting whatever it was,

10   five days or six days worth.  If there is something in

11   particular you want, please be as specific as you can.

12      In addition, please be patient.  You probably won't

13   get an immediate response.  If you send out a note, I have to

14   find the lawyers, look at your note, figure out what you are

15   asking, figure out what the right response is.  If you ask for

16   testimony, we have to locate the right testimony.  So be

17   patient.  Sometimes it will take a while to respond.

18      Many of you have taken notes periodically throughout

19   the trial.  I want to emphasize to you as you are about to

20   begin your deliberations that your notes are simply an aid to

21   memory.  Notes that any of you may have made may not be given

22   any greater weight or influence in determination of the case

23   than the recollections or impressions of other jurors, whether

24   from notes or memory, with respect to the evidence presented or

25   what conclusions if any should be drawn from such evidence.

SOUTHERN DISTRICT REPORTERS, P.C.            (212) 805-0300

1716

67C4PAR5                        Charge

1    Any difference between a juror's recollection and another
2    juror's notes should be settled by asking to have the court
3    reporter read back the transcript for it is the court record
4    rather than any juror's notes upon which the jury must base its
5    determination of the facts and its verdict.
6              Your verdict must be based solely upon the evidence
7    developed at trial or the lack of evidence.  It would be
8    improper for you to consider, in reaching your decision as to
9    whether the government sustained its burden of proof, any
10   personal feelings you may have about the defendant's race,
11   religion, national origin, sex or age.  The defendant in this
12   case is entitled to a trial free from prejudice, and our
13   judicial system cannot work unless you reach your verdict
14   through a fair and impartial consideration of the evidence.
15             (Continued on next page)
16
17
18
19
20
21
22
23
24
25

67CFPAR6                    Charge

1          THE COURT:  Under your oath as jurors, you are not to
2     be swayed by sympathy.  You are to be guided solely by the
3     evidence in this case and the crucial question that you must
4     ask yourselves as you sift through the evidence is, has the
5     government proven the guilt of the defendant beyond a
6     reasonable doubt.  It is for you alone to decide whether the
7     government has proven that the defendant is guilty of the crime
8     charged solely on the basis of the evidence and subject to the
9     law as I have charged it to you.  It must be clear to you that
10    once you let fear, prejudice, bias or sympathy interfere with
11    your thinking, there is a risk that you will not arrive at a
12    true and just verdict.
13         If you have reasonable doubt as to the guilt of the
14    defendant, you should not hesitate for any reason to find a
15    verdict of acquittal.  But, on the other hand, if you should
16    find that the government has met its burden of proving the
17    defendant's guilt beyond a reasonable doubt, you should not
18    hesitate because of sympathy or any other reason to render a
19    verdict of guilty against the defendant.
20         I caution you also that under your oath as jurors you
21    cannot allow a consideration of the punishment that may be
22    imposed upon the defendant if he is convicted to enter into
23    your deliberations.  The duty of imposing sentence in the event
24    of conviction rests exclusively upon the Court, upon me, and
25    the issue of punishment may not affect your deliberations as to

67CFPAR6                    Charge

1    whether the government has proven the defendant's guilt beyond
2    a reasonable doubt.
3         Your verdict must be unanimous.  Each juror is
4    entitled to his or her own opinion, but you are required to
5    exchange views with your fellow jurors.  This is the very
6    essence of your deliberation.  It is your duty to discuss the
7    evidence.  If you have a point of view and after reasoning with
8    other jurors it appears that your own judgment is open to
9    question, then of course you should not hesitate in yielding
10   your original point of view, if you are convinced that the
11   opposite point of view is really one that satisfies your
12   judgment and conscience.
13        You are not to give up a point of view, however, that
14   you conscientiously believe in simply because you are
15   outnumbered or outweighed.  You should vote with the others
16   only if you are convinced on the evidence, the facts and the
17   law that it is the correct way to decide the case.
18        You should by your own vote select one of you to sit
19   as your foreperson.  The foreperson will send out any notes and
20   when the jury has reached a verdict, he or she will notify the
21   marshal that the jury has reached a verdict and when you come
22   into open court, the foreperson will be asked to state what the
23   verdict is.
24        We have prepared a verdict form for you to use in
25   recording your decisions.  You can take a look at the other

1    document that we gave.  This is the verdict form.  The

2    foreperson should hold on to a master and when you have reached

3    a verdict, the foreperson will sign and date the master and

4    hand it to the deputy when you come back into the courtroom.

5    You only hand in the one master.

6            Answer all applicable questions in the order in which

7    they appear and follow the instructions on the form.  After you

8    have reached a verdict, the foreperson should fill in the

9    verdict sheet, sign and date it, and then give a note to the

10   marshal outside your door stating that you have reached a

11   verdict.  Do not specify what your verdict is in the note.

12   Instead, the foreperson should retain the verdict sheet and

13   hand it to us in open court when you are all called in.  I will

14   stress again that each of you must be in agreement with the

15   verdict that is announced in court.  Once your verdict is

16   announced by your foreperson in open court, and officially

17   recorded, it cannot ordinarily be revoked.

18           Now, if you will just be patient for a moment while I

19   see the lawyers in the hallway to see whether I missed

20   anything.

21           (Continued next page)

22

23

24

25

1720

67CFPAR6                    Charge

1          (In the robing room)

2          THE COURT:  On page 25, my law clerk noticed that it

3     says "three elements" when there really are four, so I will

4     correct that error.

5          On page 37, my law clerk heard me read August 26,2001

6     and not October.  I'll just correct that, just to be sure.

7          Were there any other objections, corrections,

8     exceptions?  You don't need to repeat anything from before.

9          MR. O'CALLAGHAN:  Your Honor, not to the charge but I

10    just noticed a small typo on the verdict sheet on number 4, I

11    think the word "after" is missing.

12         THE COURT:  I'll just have the jury handwrite it in.

13    Anything else?

14         MR. O'CALLAGHAN:  Nothing from the government.

15         THE COURT:  All right, we'll go out and fix those

16    things.

17         (Continued on next page)

18

19

20

21

22

23

24

25

1     (In open court; jury present).

2     THE COURT:  Okay, ladies and gentlemen, there were a

3     couple of small errors.

4          In your copy of the charge, if you will turn to page

5     25, you will notice in the middle of the page, I say there are

6     three elements to this crime.  In fact, there are four.  So

7     just cross out "three" and write in "four," and the four

8     elements are listed on that page and the following page.

9          Next, on page 37, in the first full paragraph where it

10    says "Moreover, until October 26, 2001," my law clerk, my

11    trusty law clerk says I said "August."  If I said August, that

12    was a mistake.  I meant to say October.  It's correct as

13    written, October 26.

14          And then finally, in the verdict sheet, there is a

15    small typographical error.  On page 2 of the verdict sheet, in

16    question 4, it says "on or January 23, 2001," please insert the

17    word "after."  It should be "on or after."  Question 4, on page

18    2, "on or after January 23, 2001."  And that is it.  We shall

19    swear in the Court security officer.

20          (Court security officer sworn)

21    THE COURT:  Okay, now, ladies and gentlemen.  It's

22    twenty minutes to five.  You can stay and work for a while if

23    you want, it's up to you.  It's been a long day.  If you want

24    to go home, go home.  Just let us know.  Send out a note, tell

25    us whether you want to work for a while or go home, it's

67CFPAR6                    Charge

1    entirely up to you.

2           Tomorrow we'll start at 9:30.  You can't start

3    deliberating until everyone is here, and you can -- I have an

4    engagement tomorrow night, so if you're not done by 5:15 or so,

5    I'm going to send you home until Friday, when you would come

6    back to continue, if you're not done tomorrow.

7           And also, our only remaining alternate, Ms. Garcia,

8    will be excused now, but you can go in, say goodbye, gather

9    your things and come back out.  Okay, ladies and gentlemen?

10   And you also have to pick and vote for a foreperson.  Why don't

11   you go ahead in?

12          (Continued on next page)

13

14

15

16

17

18

19

20

21

22

23

24

25

67CFPAR6                    Deliberations

1          (In open court; jury not present)

2          THE COURT:  When the alternate comes back out, I will

3     excuse her.

4          MR. KIM:  Your Honor, what is your Honor's preference

5     for where the lawyers should be while the jury is deliberating?

6     Would you like us to be in the courtroom or in the area?

7          THE COURT:  Don't be more than five minutes away.  You

8     can be down in the cafeteria if you like.  Leave word with the

9     deputy where you'll be.  The government can go to their office

10    in the building.  If you like, I can give you a note for one

11    cell phone.  Try to keep one person here, if possible, but I'll

12    do something so you can get in a cell phone and that will help.

13         (Continued on next page)

14

15

16

17

18

19

20

21

22

23

24

25

67CFPAR6                    Deliberations

1              (In open court; jury present).

2              THE COURT:  Please be seated.  This will take ten

3    seconds.  Okay.  Ladies and gentlemen, if I were you, I would

4    go home too, so that's fine.  Don't discuss the case with

5    anyone.  No investigation or research.  We'll start tomorrow at

6    9:30.  As soon as you are all here, you can begin your

7    deliberation.  Don't start until all twelve of you are here.

8    Don't be late so that you can get going at 9:30 sharp.  Have a

9    good evening.

10              Ms. Garcia, thank you for your service.  I don't know

11   whether you're happy or unhappy about being discharged at this

12   point.  We will call you when there is a verdict.  In the

13   meantime, don't discuss the case with anyone.  Don't read

14   anything or watch anything, just wait until you hear from us.

15   Once you hear from us that there is a verdict, then you are

16   released from all of the obligations and restrictions that I

17   imposed and you're free to talk about your experiences here,

18   good or bad.

19              Have a great trip and thank you.  And all of you, good

20   night, we'll see you tomorrow.

21              (Continued on next page)

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

                                                          1725
        67CFPAR6                     Deliberations

 1              (In open court; jury not present)

 2              THE COURT:  Just for the record, I have marked as

 3      Court Exhibit 106 the note from the jury saying that it will

 4      begin deliberations tomorrow.  "Going home for the day."  And

 5      for your information, the foreperson is juror number 2.  See

 6      you tomorrow.

 7              MR. KIM:  Thank you, your Honor.

 8              MR. O'CALLAGHAN:  Good night.

 9              (Adjourned to July 13, 2006 at 9:30 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300