# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHAABAN HAFIZ AHMAD ALI SHAABAN, )<br>a/k/a Shaaban Shaaban Hafed, a/k/a )<br>Joe H. Brown, )<br>)<br>Defendant. ) | IP 05-34-CR-01-T/F |

# FINAL JURY INSTRUCTIONS

## FINAL JURY INSTRUCTION 25

In Count Two of the Superseding Indictment the Defendant is charged with violating Title 18, United States Code, Section 951, which makes it a crime for a person to act in the United States as an agent of a foreign government without prior notification to the Attorney General. To sustain this charge the government must prove the following elements beyond a reasonable doubt:

First, that the Defendant knowingly acted in the United States as an agent of a foreign government, specifically in this case, the government of Iraq;

Second, that the Defendant failed to notify the Attorney General of the United States that he would be acting as an agent of Iraq in the United States prior to so acting;

Third, that the Defendant knew that he had not provided prior notification to the Attorney General; and

Fourth, that the Defendant's actions, at least in part as an agent for Iraq, occurred in the Southern District of Indiana.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty of this Count.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty of this Count.

## FINAL JURY INSTRUCTION 26

An "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official, except that such term does not include—

(1)  a duly accredited diplomatic or consular officer of a foreign government, who is so recognized by the Department of State;

(2)  any officially and publicly acknowledged and sponsored official or representative of a foreign government;

(3)  any officially and publicly acknowledged and sponsored member of the staff of, or employee of, an officer, official, or representative described in paragraph (1) or (2), who is not a United States citizen; or

(4)  any person engaged in a legal commercial transaction.

## FINAL JURY INSTRUCTION 27

The government need not prove that the Defendant knew of the requirement to notify the Attorney General before acting as an agent of a foreign government. Regarding notification, the government need only prove beyond a reasonable doubt that the Defendant knew he did not provide notification.

The notification required under the statute requiring foreign agents to notify the Attorney General prior to acting in the United States shall be effective only if it is made by the agent in the form of a letter, telex or facsimile addressed to the Attorney General prior to the agent commencing the services in the United States on behalf of the foreign government.

## FINAL JURY INSTRUCTION 28

Count Two of the Superseding Indictment charges the Defendant with being an agent of a foreign government from Spring 2002 through Summer 2004. In order to return a verdict of guilty of Count Two, you need not find that the Defendant acted as an agent of a foreign government for the entire period of time between Spring 2002 and Summer 2004. Instead, you need only find that the Defendant acted as an agent of a foreign government during some period of time between Spring 2002 and Summer 2004. However, you must unanimously agree as to the particular period of time during which the Defendant acted as an agent of a foreign government. If you cannot agree in that manner, you must find the Defendant not guilty of Count Two.