G3B6BURP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          15 CR 73(RMB)

5    EVGENY BURYAKOV,

6                   Defendant.

7    ------------------------------x

8                                       New York, N.Y.
                                        March 11, 2016
9                                       9:30 a.m.

10

     Before:
11
                      HON. RICHARD M. BERMAN,
12
                                        District Judge
13

14                        APPEARANCES
     PREET BHARARA
15        United States Attorney for the
          Southern District of New York
16   STEPHEN RITCHIN
     EMIL J. BOVE
17   BRENDAN QUIGLEY
          Assistant United States Attorneys
18
     WHITE & CASE
19        Attorneys for Defendant
     SCOTT HERSHMAN
20   KELLY NEWMAN
     DANIEL LEVIN
21

22   Also present:  Nelly Alishaev, Russian interpreter
                    Brandon DeShields, paralegal
23

24

25

G3B6BURP

1          (In open court)

2          THE COURT:  Good morning.  Yesterday afternoon I was

3     alerted by the U.S. Attorney's Office that there might be a

4     plea proceeding this morning and it looks like that is what is

5     happening.  I take it, Mr. Hershman, that is the purpose of

6     today's proceeding that there would be a plea by Mr. Buryakov?

7          MR. HERSHMAN:  Yes, your Honor.

8          THE COURT:  First of all, let me start by saying it

9     has been our practice in this proceedings to have a stand-by

10    Russian language interpreter.  Although for the most part, or

11    at least exclusively, Mr. Buryakov has been able to understand

12    these proceedings in English.

13         We have the stand-by interpreter again today in case,

14    Mr. Buryakov, you need to have something interpreted.

15         THE DEFENDANT:  Yes.

16         THE COURT:  So I have received let me note at the

17    outset a document that we call an Advice of Rights form signed

18    by Mr. Buryakov and Mr. Hershman, and that is a document which

19    generally speaking advises of some of the consequences of

20    pleading guilty.

21         Mr. Hershman, you went over that Advice of Rights form

22    carefully with Mr. Buryakov?

23         MR. HERSHMAN:  Yes.

24         THE COURT:  And, Mr. Buryakov, before you signed it,

25    you discussed it fully with your attorney, Mr. Hershman?

G3B6BURP

1           THE DEFENDANT:  Yes.

2           THE COURT:  And I also have a copy of a letter dated

3    March 9, 2016, which is a plea agreement signed also by the

4    government and by Mr. Hershman and Mr. Buryakov.

5           Mr. Hershman, you went over that plea agreement

6    carefully with Mr. Buryakov before each of you signed it?

7           MR. HERSHMAN:  Yes, your Honor.

8           THE COURT:  Mr. Buryakov, you understand fully what is

9    contained in the plea agreement?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Thank you.

12          So, Mr. Hershman, it is clear then that Mr. Buryakov

13   wishes to change his plea from not guilty to guilty with

14   respect to one count of the current superseding indictment,

15   known as S1 15 CR 73; is that a correct understanding?

16          MR. HERSHMAN:  Yes.

17          THE COURT:  So I am going to ask Christine Murray to

18   swear in Mr. Buryakov at this time.

19          THE DEPUTY CLERK:  Sir, if you could stand for a

20   moment, please, and raise your right hand.

21          (Defendant sworn)

22          THE DEPUTY CLERK:  Thank you, sir.  You may be seated.

23          THE COURT:  Mr. Buryakov, do you understand having

24   been sworn under oath your answers to my questions must be

25   truthful and could subject you to criminal penalties of perjury

G3B6BURP

1  or making a false statement if you do not answer truthfully; do

2  you realize that?

3          THE DEFENDANT:  Yes, I do, your Honor.

4          THE COURT:  Before I can accept your guilty plea, I am

5  going to ask you a series of questions.  It takes about 20

6  minutes, give or take, and the purpose of these questions is to

7  establish to my satisfaction that you in fact wish to plead

8  guilty and that you do so voluntarily and knowingly and because

9  you are guilty and also to establish that you know just what

10  rights you will be giving up by pleading guilty today pursuant

11  to this plea agreement.

12          So if you don't understand any of my questions or if

13  at any time you wish to consult with Mr. Hershman for any

14  reason, please say so and I will give you as much time as you

15  need to consult with counsel because it is essential to a valid

16  plea that you understand every question before you answer.

17          THE DEFENDANT:  Thank you.

18          THE COURT:  We've been over this before but just so

19  the record is clear, you are able fully to speak and understand

20  the English language; is that correct?

21          THE DEFENDANT:  Yes.  Yes, sir.

22          THE COURT:  Thank you.

23          Could you please for the record state your full name.

24          THE DEFENDANT:  My full name is Evgeny Buryakov.

25          THE COURT:  Would you spell for the record your last

G3B6BURP

1      name, please?

2                THE DEFENDANT:  B-u-r-y-a-k-o-v.

3                THE COURT:  You are how old?

4                THE DEFENDANT:  I am 41 years old.

5                THE COURT:  And you are a citizen of what country?

6                THE DEFENDANT:  Old Russian Federation.

7                THE COURT:  How far did you go in school?

8                THE DEFENDANT:  High education.

9                THE COURT:  So would that be the equivalent of

10     university training in the United States?

11               THE DEFENDANT:  Yes.  Yes, I think so.

12               THE COURT:  Any post-graduate studies?

13               THE DEFENDANT:  No.

14               THE COURT:  That was all in the Russian Federation,

15     your schooling?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  And are you now or have you recently been

18     under the care of a medical doctor or are you being treated by

19     a medical doctor for any reason?

20               THE DEFENDANT:  No, I am not.

21               THE COURT:  How about a mental health physician, are

22     you being treated for any mental health issues?

23               THE DEFENDANT:  No.  No.

24               THE COURT:  And how is your health today, your

25     physical health?

G3B6BURP

1          THE DEFENDANT:  My physical health is good.

2          THE COURT:  And your mental health?

3          THE DEFENDANT:  Also is good.

4          THE COURT:  Have you ever been addicted to drugs or to

5    alcohol?

6          THE DEFENDANT:  No, never.

7          THE COURT:  Have you ever been hospitalized or treated

8    for any addiction?

9          THE DEFENDANT:  No, never.

10          THE COURT:  Have you taken any drugs or medicine or

11    pills or drunk any alcoholic beverages in the past 24 hours?

12          THE DEFENDANT:  No.

13          THE COURT:  Anything that might affect your answers to

14    my questions?

15          THE DEFENDANT:  No.

16          THE COURT:  I asked before but I will ask it again,

17    how do you feel today physically?

18          THE DEFENDANT:  I am completely good.

19          THE COURT:  And mentally?

20          THE DEFENDANT:  As well.

21          THE COURT:  And you understand what is happening in

22    this proceeding here in court today?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  So here is a question for the lawyers:  Do

25    either of you, that is to say counsel for the government or the

G3B6BURP

1  defense, have any doubts or concerns as to Mr. Buryakov's

2  competence to plead at this time?

3          MR. QUIGLEY:  No, your Honor.

4          MR. HERSHMAN:  No.

5          THE COURT:  Nor do I.

6          Based on the record today, including Mr. Buryakov's

7  statements, I find that he is fully competent to plead guilty

8  today.

9          Mr. Buryakov, have you been given a full opportunity

10  to discuss all aspects of this case with your attorney?

11          THE DEFENDANT:  Yes, your Honor, I have.

12          THE COURT:  Including any possible defenses that you

13  might have to those charges in this case?  It would be Count

14  One in the indictment to which you intend to plead guilty.

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Are you fully satisfied with

17  Mr. Hershman's legal representation of you?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Are you fully satisfied with the legal

20  advice that he has given you?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  So now I am going to explain certain

23  rights that you have and ask some questions about those.  First

24  of all, do you understand that you have the absolute right to

25  plead not guilty and to go to trial in this case as we had

G3B6BURP

scheduled for, I believe, April 4 was our plan?  You understand that you have the right to plead not guilty and to go to trial?

THE DEFENDANT:  Yes, I do.

THE COURT:  Under the Constitution and laws of the United States if you decided to have a trial, you would be entitled to a speedy and public trial by a jury on the charges set forth in the indictment.

Do you realize that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you decided to have a trial, at the trial you would be presumed to be innocent.  The government would be required to prove that you were guilty by competent evidence and beyond what we call a reasonable doubt before you could be found guilty.  A jury would have to agree unanimously that you were guilty and you would not have to prove that you were innocent.

Do you understand those rights?

THE DEFENDANT:  Yes, I do.

THE COURT:  Also, at a trial if you decided to have one and at every stage of your case, you would be entitled to be represented by an attorney as you are today and have been in fact throughout these proceedings.  If you could not afford an attorney, one would be appointed at public expense to represent you.

Do you realize that?

G3B6BURP

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  During a trial if you decided to have one,

3    the witnesses for the government would have to come to court

4    and testify in your presence.  Your attorney could

5    cross-examine the witnesses for the government.  He could

6    object to evidence offered by the government and he could offer

7    evidence and subpoena witnesses on your behalf.

8          Do you realize that?

9          THE DEFENDANT:  Yes, I do, your Honor.

10          THE COURT:  Also, at a trial if you decided,

11    Mr. Buryakov, to have one, although you would have the right to

12    testify if you chose to do so, you would also have the right

13    not to testify and no one, including particularly the jury,

14    could not draw any inference or suggestion of guilt from the

15    fact that you did not testify if that is in fact what you chose

16    to do.

17          Do you realize that?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Even now this morning as you are entering

20    the guilty plea, you still have the right to change your mind

21    and to plead not guilty and to go to trial on the charges set

22    forth in the indictment in this case.

23          Do you realize that?

24          THE DEFENDANT:  Yes, I do, your Honor.

25          THE COURT:  If you do plead guilty today and if I

G3B6BURP

1    accept the guilty plea, then you will give up your right to

2    have a trial in this case and the other rights that I have been

3    discussing with you and there will be no trial, but I will

4    still enter a judgment of guilty against you following a

5    successful plea.

6              Do you realize that?

7              THE DEFENDANT:  Yes, I do, your Honor.

8              THE COURT:  I will thereafter, not today, sentence you

9    on the basis of your guilty plea after I have considered what

10   is called a presentence investigation report typically prepared

11   by the Probation Department, along with any submissions that I

12   may get from Mr. Hershman on your behalf and also any response

13   I may get from the government.

14             Do you realize that?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  The next question I ask you is whether you

17   have received and reviewed a copy of the superseding

18   indictment, which sets forth the two charges, two counts

19   against you?

20             THE DEFENDANT:  Yes, I did.

21             THE COURT:  Have you discussed fully with your

22   attorney those charges in the indictment, particularly Count

23   One, to which you intend to plead guilty today?

24             THE DEFENDANT:  Yes, I have.

25             THE COURT:  Again, I know I asked this before but I

G3B6BURP

1   want to underscore it.  Are you fully satisfied with

2   Mr. Hershman's legal representation of you?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Are you fully satisfied with the legal

5   advice that he has given you?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Let me briefly summarize Count One.

8   Counsel will be given the opportunity to comment on the summary

9   and to add to it if they would like.  I should say that the

10  count speaks for itself as set forth in S1 and this is just

11  intended for a brief summary of it.

12            MR. HERSHMAN:  So Count One says that from in or about

13  2012 up to and including January 26, 2015, in the Southern

14  District, and elsewhere, Mr. Buryakov, and others, knowingly

15  and willfully conspired to commit an offense against the United

16  States.  It was part and an object of that conspiracy that

17  Mr. Buryakov, not being a diplomatic or consular officer or

18  attaché, would and did act in the United States as an agent of

19  a foreign government, to wit, Mr. Buryakov agreed to act within

20  the United States under the direction and control of the

21  Russian Federation and one or more foreign officials working on

22  behalf of the Russian Federation without prior notification to

23  the United States Attorney General as required by law.

24            Counsel, did you want to add anything to that

25  sentence?

G3B6BURP

1              MR. QUIGLEY:  No, your Honor.

2              THE COURT:  Mr. Hershman?

3              MR. HERSHMAN:  No.

4              THE COURT:  So let me spend a minute, Mr. Buryakov,

5    going over the maximum possible penalties you could receive for

6    this crime.  That doesn't mean you will get the maximum, but

7    you need to know what the maximums are so we have a valid plea.

8              First of all, do you understand that the maximum term

9    of imprisonment for this crime is five years of imprisonment?

10             THE DEFENDANT:  Yes, I do.

11             THE COURT:  Do you understand that the maximum term of

12   supervised release, which is a period of supervision that

13   occurs after incarceration in this case, the maximum could be

14   three years?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  Do you understand that the maximum fine

17   that could be imposed here is the greatest of $250,000, twice

18   the gross pecuniary gain derived from the crime or twice the

19   gross pecuniary loss to persons, other than yourself, resulting

20   from this offense; do you realize that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you also realize there would be a $100

23   special assessment for this offense?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  Do you understand that we don't have

G3B6BURP

1    parole in the federal system, which is where we are?

2            THE DEFENDANT:  Yes, I do.

3            THE COURT:  And do you understand that as I mentioned

4    briefly, you may be subject in addition to incarceration to a

5    period of supervised release.  With respect such supervision if

6    it comes into play, you need to be aware that there would

7    likely be terms and conditions attached and that if you did not

8    comply with any of those terms or conditions, you could

9    following a hearing be returned to prison.

10           Do you realize that?

11           THE DEFENDANT:  Yes, I do.

12           THE COURT:  Do you understand that if there were

13   supervision and if there were allegations that you violated the

14   conditions of supervision and if there were a hearing

15   conducted, that would be a hearing just before me.  It would

16   not be a jury proceeding.

17           Do you realize that?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Do you understand that your not being an

20   American citizen that you are subject to deportation following

21   your conviction of this crime?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Mr. Hershman, you can help with this, too.

24   Is Mr. Buryakov serving any other sentences, either state or

25   federal, or being prosecuted in any other courts for any crime?

G3B6BURP

1          MR. HERSHMAN:  No, your Honor.

2          THE COURT:  Is that right, Mr. Buryakov?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Next I just want to briefly mention the

5     factors that I would consider in sentencing.  There is a

6     provision that we'll come to in a minute in the plea agreement

7     that says that both parties agree as between them the

8     appropriate sentence in this case would be 30 months of

9     incarceration.  We'll come to that in a moment.

10          In figuring out what is a fair and reasonable

11     sentence, I will be guided by a statute referred to as 18,

12     United States Code, Section 3553(a) and the criteria for

13     conditions or objectives set forth in that statute are as

14     follows:  One is the nature and the circumstances of the

15     offense or crime.  The other is the history and characteristics

16     of Mr. Buryakov.

17          These are objectives that I will try to accomplish in

18     sentencing:  Reflecting the seriousness of the offense,

19     promoting respect for the law, providing a just punishment,

20     affording adequate deterrence to criminal conduct, protecting

21     the public from further crimes, providing the defendant with

22     needed educational or vocational training, medical care or

23     other correctional treatment in the most effective manner.  In

24     imposing the sentence I will be concerned with the kinds of

25     sentences that are available, the kind of sentence in the

G3B6BURP

 1    sentencing range.

 2              In this case I think the parties agree there is no

 3    sentencing guideline specifically for this offense; is that

 4    your understanding?

 5              MR. QUIGLEY:  That is correct, your Honor.

 6              THE COURT:  Mr. Hershman, is that your understanding

 7    as well?

 8              MR. HERSHMAN:  Yes.

 9              THE COURT:  I will seek to avoid unwarranted

10    sentencing disparities among similarly situated defendants and

11    inappropriate cases provide for restitution.

12              I don't think this is a restitution case; is that

13    right, counsel?

14              MR. QUIGLEY:  Yes, your Honor.

15              THE COURT:  Mr. Hershman?

16              MR. HERSHMAN:  Yes.

17              THE COURT:  Knowing Mr. Hershman he probably has

18    already started to discuss how sentencing happens, but I am

19    sure he will do that even more so after today.

20              Are you generally aware with how our courts go about

21    sentencing in your case?

22              THE DEFENDANT:  Yes, I am.

23              THE COURT:  Do you realize that even if you don't like

24    the sentence that I impose, you will not be able for that

25    reason alone to withdraw today's guilty plea?

G3B6BURP

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  So I am going to refer in a minute to a

3     few provisions of March 9 plea agreement.  I caution that the

4     agreement speaks for itself in its entirety, and my referring

5     to one or two or three provisions is just for my own purposes

6     of the allocution but that the entire agreement applies in its

7     full content.  So there is a provision in that agreement, which

8     is not uncommon for plea agreements, which says that the

9     sentence to be imposed upon the defendant, Mr. Buryakov, is

10    determined solely by the Court.

11         Let me start with counsel and ask if you agree with

12    that proposition?

13         MR. QUIGLEY:  Yes, your Honor.

14         THE COURT:  Mr. Hershman?

15         MR. HERSHMAN:  Yes.

16         THE COURT:  Mr. Buryakov, do you as well?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you think, Mr. Buryakov, that you

19    understand fully the consequences of pleading guilty here

20    today?

21         THE DEFENDANT:  Yes, I do, your Honor.

22         THE COURT:  Has anybody threatened or in any way

23    forced you to plead guilty?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Including any attorneys?

G3B6BURP

1              THE DEFENDANT:  No.

2              THE COURT:  So let me refer back to the plea

3     agreement.  I know we went over this before, but I want to make

4     sure, Mr. Buryakov, that you went over this March 9, 2016, plea

5     agreement in detail and carefully with your attorney?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And did you read it carefully and discuss

8     it with counsel to your satisfaction?

9              THE DEFENDANT:  Yes, I did, your Honor.

10             THE COURT:  So let me highlight one or two or three

11    provisions in this agreement.

12             First, as I mentioned a few minutes ago in the plea

13    agreement, the parties agree that a sentence of 30 months is

14    appropriate.

15             Counsel, is that a fair understanding?

16             MR. QUIGLEY:  Yes, your Honor.

17             THE COURT:  Mr. Hershman?

18             MR. HERSHMAN:  Yes, your Honor.

19             THE COURT:  Mr. Buryakov, do you realize that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  The parties further agree that the

22    applicable fine, the range in this case is somewhere between

23    $10,000 and $100,000; is that accurate?

24             MR. QUIGLEY:  Yes, your Honor.

25             MR. HERSHMAN:  Yes.

G3B6BURP

1          THE COURT:  Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  The parties further agree that neither

4   what we call a downward nor upward departure is warranted and

5   that they agree not to seek a sentence other than the

6   stipulated sentence of 30 months nor to suggest to the Court or

7   Probation another sentence.

8          Is that a fair assessment?

9          MR. QUIGLEY:  Yes, your Honor.

10         MR. HERSHMAN:  Yes, your Honor.

11         THE COURT:  Mr. Buryakov?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Here we should spend a few minutes, too.

14  There are several waivers of the right to appeal in this case

15  and I want to go over each of those.  First of all, there is a

16  provision in the plea agreement that says that the defendant

17  agrees not to file what we call a direct appeal nor to bring

18  what is called a collateral challenge including but not limited

19  to under what we call 28, Untied States Code, Sections 2255

20  and/or 2241 the so-called habeas corpus provisions.

21         And Mr. Buryakov also agrees to waive his right to

22  seek a sentence modification under 18, United States Code,

23  Section 3582(c) of any sentence that is at or below the

24  stipulated sentence of 30 months of incarceration.  So there

25  are a series of the right to appeal.

G3B6BURP

1          First of all, is that a affair assessment of the plea

2     agreement?

3          MR. QUIGLEY:  Yes, your Honor.

4          MR. HERSHMAN:  Yes, your Honor.

5          THE COURT:  Mr. Buryakov, you're aware that you are

6     waiving those appeal rights in this case?

7          THE DEFENDANT:  Yes, I am.

8          THE COURT:  There are two additional waivers that I

9     wanted to talk about.  There is also a provision that says that

10    Mr. Buryakov agrees not to challenge his conviction or

11    sentence, again either by direct appeal or through the habeas

12    corpus provisions of 28, United States Code, Sections 2255 or

13    2241 on the basis of any adverse immigration consequences that

14    might follow this conviction including deportation.

15          Is that your understanding, counsel for the

16    government?

17          MR. QUIGLEY:  Yes, your Honor.

18          THE COURT:  Mr. Hershman?

19          MR. HERSHMAN:  Yes, your Honor.

20          THE COURT:  Mr. Buryakov, do you realize that?

21          THE DEFENDANT:  Yes.

22          THE COURT:  You also agree that you will not appeal,

23    Mr. Buryakov, any fine that is less than or equal to $100,000.

24          Do I have that right, counsel?

25          MR. QUIGLEY:  Yes, your Honor.

G3B6BURP

1        MR. HERSHMAN:  Yes.

2        THE DEFENDANT:  Yes.

3        THE COURT:  Two more appeal waiver provisions.  One is

4   that Mr. Buryakov agrees not to appeal any term of supervised

5   release that may be imposed that is less than or equal to three

6   years, which is the statutory maximum.

7        Do I have that right?

8        MR. QUIGLEY:  Yes, your Honor.

9        MR. HERSHMAN:  Yes, your Honor.

10       THE COURT:  Mr. Buryakov?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  And lastly there is a provision that

13   Mr. Buryakov agrees not to appeal or collaterally challenge his

14   conviction on the grounds that the government has failed to

15   produce discovery or otherwise turn over information to the

16   defendant.

17       Do I have that right?

18       MR. QUIGLEY:  Yes, your Honor.

19       MR. HERSHMAN:  Yes.

20       THE DEFENDANT:  Yes, your Honor.

21       THE COURT:  Finally, even though -- not finally but

22   finally in this regard.  Even though I have asked this before,

23   Mr. Buryakov, do you agree that the sentence to be imposed upon

24   you remains within the sole discretion of the Court, that would

25   be me?  You still agree with that?

G3B6BURP

1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  And counsel as well?

3              MR. QUIGLEY:  Yes, your Honor.

4              MR. HERSHMAN:  Yes.

5              THE COURT:  Has anybody made any promise?  Apart from

6    what is contained in the plea agreement, has anybody, Mr.

7    Buryakov, made any promise to you or inducement to cause you to

8    plead guilty today?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Has anybody made any promise to you as to

11   what sentence you will receive in this case?

12             THE DEFENDANT:  No, your Honor.

13             THE COURT:  Including any attorneys?

14             THE DEFENDANT:  No.

15             THE COURT:  So let's turn for a moment to the

16   government.  Could I ask the government to provide in summary

17   form what it thinks it would be able to prove were this case to

18   go to trial instead of being resolved in today's plea

19   allocution?

20             MR. QUIGLEY:  Yes, your Honor.  The government would

21   prove that between approximately 2012 and 2015, the defendant

22   conspired to act as an agent of the Russian Federation in the

23   United States without providing prior notification to the

24   Attorney General.  Specifically, the defendant conspired with

25   Igor Sporyshev, Victor Podobnyy and others to gather

G3B6BURP

1    information in response to taskings.  He provided that

2    information back to Mr. Sporyshev.  The government would prove

3    that through recorded conversations, electronic evidence

4    obtained from computers, surveillance and testimony of law

5    enforcement and civilian witnesses, among other means.

6              THE COURT:  The government would, I take it, be able

7    to prove that this occurred within the Southern District of New

8    York in part?

9              MR. QUIGLEY:  Yes, your Honor.

10              THE COURT:  So, Mr. Buryakov, having heard the

11    government's summary of what it would be able to prove in this

12    case and in light of the questions I have asked you up until

13    now and the answers that you provided, is it your wish at this

14    time to plead guilty or to plead not guilty?

15              THE DEFENDANT:  I plead guilty, your Honor.

16              THE COURT:  So now I am going to ask you to tell me in

17    your own words what it is that you did that makes you believe

18    that you are guilty of the offense set forth in Count One of

19    the indictment, which is conspiracy to act in the United States

20    as an agent of the Russian Federation without previously

21    notifying the Attorney General.

22              THE DEFENDANT:  Your Honor, I knowingly agreed with

23    Igor Sporyshev, who I know to be an official of the Russian

24    Federation --

25              THE COURT:  Excuse me for one second.  You can remain

G3B6BURP

1     seated.  It will be important for to us hear.  Please start

2     again.

3                 THE DEFENDANT:  So, your Honor, knowingly agreed with

4     Igor Sporyshev, who I knew to be an official of the Russian

5     Federation, namely an official with the New York Office of the

6     Trade Mission of the Russian Federation, that I would take

7     certain actions in the United States at Mr. Sporyshev's

8     direction, without my having provided notification as an agent

9     of the Russian Federation, as required, to the Attorney

10    General.

11                In furtherance of said agreement, in the Southern

12    District of New York, on or about May 21st, 2013, I used a

13    telephone to speak with Mr. Sporyshev about information that

14    Mr. Sporyshev wanted.

15                THE COURT:  And did this activity of yours cover the

16    time period 2012 approximately to January 2015?

17                THE DEFENDANT:  Yes.  It was 2015.

18                THE COURT:  Are you pleading guilty to this crime

19    because you are in fact guilty of it?

20                THE DEFENDANT:  Yes, I am.

21                THE COURT:  Does the government counsel agree that

22    there is a sufficient factual predicate for today's guilty

23    plea?

24                MR. QUIGLEY:  Yes, your Honor.  We believe that is a

25    legally sufficient allocution.

G3B6BURP

1          THE COURT:  Mr. Hershman, do you as well?

2          MR. HERSHMAN:  Yes, your Honor.

3          THE COURT:  So do I.  It is the finding of the Court

4     in this matter, U.S. v. Evgeny Buryakov, that the defendant is

5     fully competent and capable of entering an informed plea, that

6     he is aware of the nature of the charges and the consequences

7     of today's guilty plea and that the plea of guilty is a knowing

8     and voluntary plea supported by an independent basis in fact

9     supporting each of the essential elements of the offense set

10    forth in Count One of the superseding indictment.

11         It is the further finding of the Court that

12    Mr. Buryakov is also fully aware of the potential consequences

13    that result from waiving his various appeal rights and as

14    outlined in this plea allocution and in the plea agreement

15    dated March 9, 2016.  He has knowingly and voluntarily done

16    that as well, namely, waived a series of rights to appeal that

17    he might otherwise have.

18         The plea is therefore accepted and the defendant is

19    now adjudged guilty of the crime set forth in Count One of the

20    superseding indictment.

21         Is there any reason that counsel is aware of why I

22    should not direct that a presentence report be prepared?

23         MR. QUIGLEY:  No, your Honor.

24         MR. HERSHMAN:  No, your Honor.

25         THE COURT:  Mr. Hershman, do you wish to be present

G3B6BURP

1    for any interview of Mr. Buryakov in connection with that

2    report?

3            MR. HERSHMAN:  Yes, please.

4            THE COURT:  So I order that a presentence

5    investigation report be made but there be no interview of

6    Mr. Buryakov unless Mr. Hershman is given the opportunity to be

7    present at such interview.

8            Mr. Buryakov, in my opinion it is in your best

9    interest to cooperate with the Probation Department who

10   prepares this report since the report will be important in my

11   determining what a fair and reasonable sentence is in this

12   case.  So I suggest that you tell them what they ask about, of

13   course consulting with Mr. Hershman, both the good things and

14   not so good things.  Because if you don't disclose something

15   that they ask about and they, that is to say the Probation

16   Department, finds it out themselves, they may say that you were

17   not being truthful with them and that might not be helpful to

18   you.

19           You and Mr. Hershman and the government will have the

20   right and the opportunity to examine the presentence

21   investigation report before the sentencing date and to file any

22   objections.  Your counsel and the government will also have, as

23   I indicated before, the right to make written submissions on

24   your behalf and also reflecting the government's response to

25   those submissions.  So I urge you to review the presentence

G3B6BURP

1  report carefully with your attorney, discuss it with him before

2  sentencing.  If there are any mistakes in the report, please

3  point them out to your attorney so that he can point them out

4  to me before the sentencing and so that I don't proceed on the

5  basis of mistaken information.

6          So the date that I propose, if it is agreeable to

7  counsel for sentencing, is June 22, 2016, at 11:00 a.m.

8          Does that work for everyone?

9          MR. QUIGLEY:  That is fine with the government, your

10  Honor.

11          THE COURT:  Mr. Hershman, does that work for you that

12  date?

13          MR. HERSHMAN:  It does work for me.  If we can move it

14  up, I'll be happier.

15          THE COURT:  I will be happy to do that.  It is a

16  function of how long it takes to get the presentence report put

17  together.

18          MR. HERSHMAN:  We'll certainly cooperate in expediting

19  that.

20          THE COURT:  My experience would be that is about the

21  time it would take.  If you want to try for something sooner

22  than that, that is fine with me.

23          MR. HERSHMAN:  We can also consider waiving the 35

24  days, your Honor, if that would speed things up.

25          THE COURT:  Let me look at the calendar.

G3B6BURP

1          So how about, Mr. Hershman, May 25.  That will be

2    about a month shorter.  I am not sure it could be much shorter

3    than that.

4          MR. HERSHMAN:  We appreciate that, your Honor.

5          THE COURT:  If it came to that, would you be waiving

6    the 35-day period to review?

7          MR. HERSHMAN:  Yes.

8          THE COURT:  I will ask for an expedited presentence

9    report and you will both monitor, the government and you,

10   whether that in fact is happening.

11         MR. QUIGLEY:  Judge, just in our collective experience

12   it does take about three months.  We would like some time to

13   comment on it.  So perhaps if it works with the Court's

14   schedule, maybe move 15 days back from June 22nd to early June

15   instead of a month back.  That may prevent us from having to

16   adjourn this.

17         THE COURT:  How about this:  Why don't we keep this

18   May date as a target.  If it turns out that you don't have an

19   adequate time to respond and you submit an application to speak

20   to Mr. Hershman and see if you can agree that we should push it

21   back, I will be happy to do that.

22         MR. QUIGLEY:  Thank you, your Honor.

23         THE COURT:  So we'll aim for May 25, 2016, at 11:00.

24   I will ask for an expedited presentence report.

25         As I say, Mr. Hershman, you will know sooner than I

G3B6BURP

1  probably what the progress of that report is and the government

2  as well.  You will let me know as we approach that date whether

3  that is going to work for both sides.  I am sure we can reach

4  an accommodation if it does not.

5           So what I would like to do is if there is a written

6  submission to be made by the defense and you are ready to do

7  it, Mr. Hershman, if you could do it on or before May 11th.  If

8  it works for the government, to respond on or before May 18.

9  We'll see if that works out and if it doesn't, I will expect to

10  hear from you.

11           MR. QUIGLEY:  Thank you, your Honor.

12           THE COURT:  Thank you.

13           So Mr. Buryakov is currently on remand of course as

14  you know, Mr. Hershman.  Is it your intention to maintain that

15  status until the sentencing?

16           MR. HERSHMAN:  Yes, your Honor.  It would be helpful

17  also if he could remain in the MCC here in New York.

18           THE COURT:  I think that is likely.  I think that is

19  likely to occur.

20           There was a defense application about bail, I will put

21  that aside or vacate that for the moment?

22           MR. HERSHMAN:  Yes.

23           THE COURT:  So I think that pretty much concludes our

24  work for today.  Starting with the government, did you wish to

25  add anything to today's allocution proceeding?

G3B6BURP

1          MR. QUIGLEY:  No, your Honor.  Thank you.

2          THE COURT:  How about you, Mr. Hershman, did you want

3     to add anything?

4          MR. HERSHMAN:  No.  Thank you, your Honor.

5          THE COURT:  Finally, starting with the government, are

6     you satisfied with today's plea allocution?

7          MR. QUIGLEY:  Yes, your Honor.

8          THE COURT:  Mr. Hershman?

9          MR. HERSHMAN:  Yes, your Honor.

10         THE COURT:  I think that concludes our work for today.

11    I will see you likely on May 25 or such other date as we

12    determine is appropriate.  Thank you very much.

13                              o0o

14

15

16

17

18

19

20

21

22

23

24

25