```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          15 CR 73 (RMB)

EVGENY BURYAKOV,

                 Defendant.
------------------------------x         Telephone Conference
                                        New York, N.Y.
                                        March 2, 2016
                                        12:0 p.m.
```

Before:

               HON. RICHARD M. BERMAN,

                                District Judge

                   APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
EMIL BOVE
STEPHEN RITCHIN
BRENDAN QUIGLEY
    Assistant United States Attorney

WHITE & CASE
    Attorneys for Defendant
DANIEL B. LEVIN
SCOTT E. HERSHMAN

                (In chambers)

                THE COURT:  Counsel, are you there?

                MR. BOVE:  Yes.  Good afternoon, Judge.  This is Emil Bove speaking, and I have with me for the government, Stephen Ritchin and Brendan Quigley and also, with the Court's permission, an intern from our office, Amy Sajak.

                THE COURT:  Sure.  And Mr. Hershman, are you there too?

                MR. HERSHMAN:  Yes, your Honor.  Hi.  How are you?  I'm here with Dan Levin.

                THE COURT:  I'm good, thanks.

                MR. LEVIN:  Good morning, your Honor.

                THE COURT:  Good morning, how are you?

                So it's a phone conversation, obviously, and we don't have Mr. Buryakov present.  Is that all right with you, Mr. Hershman?

                MR. HERSHMAN:  Yes, it is.

                THE COURT:  Can we say you're waiving his appearance for just purposes of this phone conversation?

                MR. HERSHMAN:  Yes, we're waiving his appearance.

                THE COURT:  So here I have some procedural issues I want to give you a heads up about in advance of tomorrow's conference.  They are issues that I will raise, and I just wanted you to have a heads up and an alert that I will raise them.  So, first, which I think everybody's already aware of,

1     we have a new indictment in this case; is that right, Bove.

2              MR. BOVE:  Yes, your Honor, that's correct.

3              THE COURT:  Could you just take a brief moment and

4     tell me what its purpose is as compared to the existing

5     indictment or what does it do?  I know what it does, but just

6     for the record to hear from you, what is the point of the S1?

7              MR. BOVE:  This is Emil Bove again, Judge.  Yes, your

8     Honor, we filed a superseding indictment to basically create

9     what we refer to as a trial indictment, a streamlined document

10    that just tracks the statutory language that would be available

11    as a public document during the trial and, if the Court is

12    inclined, for the jury's review.

13             THE COURT:  It seemed to me in some specifics to be

14    narrower -- I don't know if that's the appropriate legal

15    terminology -- than the current indictment in terms of some

16    factual matters, such as contacts, alleged contacts, between

17    and among Mr. Buryakov and others.

18             MR. BOVE:  Yes, your Honor, that's correct.  We did

19    change the overt acts in the conspiracy count with an eye

20    towards streamlining.

21             THE COURT:  So, obviously, then, one purpose of

22    tomorrow's conference is to have -- I don't think we've had it

23    yet -- the arraignment with respect to S1.  And very likely

24    I'll ask you, Mr. Bove, the same questions in the courtroom

25    that I'm posing to you right now.  Is that all right?

1    MR. BOVE:  Yes, your Honor.  Thank you.

2    THE COURT:  Okay.  And then, and relatedly, I'm about
3    to issue an order to both of you which is a notice that I
4    typically issue, and it's one I recently did in an unrelated
5    matter but a criminal case also where the defendant was going
6    to trial citing *Missouri v. Frye* and *Lafler v. Cooper*.  And the
7    citations will appear in the order just to ensure that the
8    defendant -- this is principally for you, Mr. Hershman -- is
9    aware of any options that have been presented, so plea versus
10   going to trial, and that he's carefully gone over with you, you
11   know, what the implications of his going to trial are, whether
12   there's been plea discussions, etc., etc.  You're probably
13   familiar with those cases, but that notice will probably be
14   posted in the next hour or so.  I will ask that of you and the
15   government, for that matter, tomorrow whether there have been
16   plea discussions and whether defense counsel has discussed with
17   Mr. Buryakov the implications of rejecting them or accepting
18   them versus going to trial or not going to trial.  All right?

19   MR. HERSHMAN:  Thank you, your Honor.  Yes.

20   THE COURT:  Now, the next item has to do with, someway
21   related to, this second one, but this is the third item.  It's
22   pretty clear from the docket and from the documents I have
23   sitting in font of me at this very moment that particularly,
24   including without limitation, joint jury instructions in
25   matters that are central, so to speak, the substantive charges,

1          if you will, there's variation between what the government is

2          seeking as the instruction and what the defense is proposing

3          instead. It's not uncommon, but that requires a fair amount of

4          work by me, which I'm happy to do, to reconcile those

5          differences.

6                    Then I have filings from the government, motions in

7          limine, and filings from the defense, also motions in limine.

8          Incidentally, with respect to the defense filing, I think I

9          have a redacted filing only, but not the unredacted copy. Was

10         that to be sent or is that on its way to me?

11                    MR. HERSHMAN: Your Honor, it's Scott Hershman. We

12         understood that the unredacted was on its way down to you or

13         already there.

14                    THE COURT: Oh.

15                    MR. HERSHMAN: I'll look into that. I did intend to

16         give you an unredacted copy.

17                    THE COURT: No, no, I know, but it didn't get to

18         chambers yet is all time saying.

19                    MR. HERSHMAN: We'll get on that.

20                    THE COURT: The point of this is that a trial is

21         around the corner, and a lot of work is going to be done by me,

22         by you, each of you as well. And I wanted to know or I will

23         ask tomorrow if there is any discussion about a disposition of

24         this case short of trial, when we're going to know about that,

25         or if that bridge has been passed and full steam ahead and

1    everybody needs to resolve all these motions and these
2    disputes.
3             So do you have a sense of that?  And I will probably
4    ask the same question tomorrow.
5             MR. BOVE:  Judge, I do have a sense, I think it's fair
6    to say, but what I would ask for is an opportunity to confer
7    with defense counsel, and then we can make a record on that
8    tomorrow.
9             THE COURT:  Okay.  Mr. Hershman, does that work for
10   you, too?
11            MR. HERSHMAN:  Sure, yes, it does, your Honor.
12            THE COURT:  So that's it.  Those are the issues that I
13   have on my short agenda, all of which -- normally I don't do
14   phone conversations, but this is by way of heads up, and I
15   thought it was perfectly appropriate.  All these issues will be
16   raised again tomorrow in any event.
17            That's what I have in mind.  Do you have anything else
18   you want to add for me, or no?
19            MR. HERSHMAN:  It's Scott Hershman, your Honor.  Thank
20   you for the heads-up.  We appreciate it.  I think it will
21   advance tomorrow.  We intended to raise a couple of things
22   tomorrow with you.  They absolutely relate to some of the
23   topics that you raised today, including but not limited to, for
24   example, the superseding indictment.  But I think this
25   conference was helpful, and I want to evaluate how we present

1  this tomorrow, and then we can do it at the conference.
2          THE COURT:  Okay.
3          MR. HERSHMAN:  If that's okay.
4          THE COURT:  Yes, that's fine.  I'm certain you will,
5  but I want to ask you rather directly.  Could you make sure
6  that Mr. Buryakov is up to speed on even this phone
7  conversation before we start tomorrow.  So if you need some
8  time in the back in the holding cell, or whatever, or if you're
9  going to see him before then, just to make sure that he knows
10 everything that we know.
11         MR. HERSHMAN:  Of course.  One way or the other, we'll
12 do that.
13         THE COURT:  Okay.  Great.  All right.  Then I'll see
14 you all tomorrow.
15         MR. HERSHMAN:  Very good.
16         MR. BOVE:  Thank you, Judge.
17         THE COURT:  You bet.  Thanks a lot.
18         (Adjourned)