# EXHIBIT A



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 9, 2016

By Email
Scott Hershman, Esq.
Daniel Levin, Esq.
Owen C. Pell, Esq.
Gregory G. Little, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

      Re:    **United States v. Evgeny Buryakov,**
              **S1 15 Cr. 73 (RMB)**

Dear Counsel:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Evgeny Buryakov (the "defendant") to Count One of the above-referenced Indictment.

      Count One charges the defendant with participating in a conspiracy to act in the United States as an agent of a foreign government, specifically, the Russian Federation, without prior notification to the Attorney General as required by law, in violation of Title 18, United States Code, Section 371. Count One carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

      In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for acting in the United States as an unregistered agent of the Russian Federation, without notifying the Attorney General as required, between approximately 2010 and January 2015, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code, Sections 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the

meaning of the "Hyde Amendment," Section 617, Pub. L. No. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

### A. Offense Level

1. The November 1, 2015 Guidelines manual applies in this case.

2. Pursuant to U.S.S.G. § 2X1.1(a), the base offense level is to be calculated based on the offense level from the guideline for the substantive offense—*i.e.*, a violation of Title 18, United States Code, Section 951(a)—plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

3. Pursuant to U.S.S.G. § 2X5.1, because (i) no Guideline expressly has been promulgated to apply to violations of Section 951(a), and (ii) there is not a sufficiently analogous guideline, the provisions of Title 18, United States Code, Section 3553 shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no known criminal history. Accordingly, the defendant's Criminal History Category is I.

### C. Sentencing Range

Based upon the above, the parties agree that, under the Guidelines (including credit for acceptance of responsibility) and Title 18, United States Code, Section 3553(a), the appropriate sentence is 30 months' imprisonment (the "Stipulated Sentence"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. The parties agree further that the applicable fine range is $10,000 to $100,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree not to seek a sentence other than the Stipulated Sentence, or suggest in any way that the Probation Office or the Court consider a sentence other than the Stipulated Sentence.

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iii) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines analysis or Stipulated Sentence, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence other than the Stipulated Sentence, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the sentence set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Sentence of 30 months' imprisonment, and (ii) that the Government will not appeal any sentence at or above the Stipulated Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion

of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $100,000, and the Government agrees not to appeal any fine that is greater than or equal to $10,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreements that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Emil J. Bove III
Brendan F. Quigley
Stephen J. Ritchin
Assistant United States Attorneys
(212) 637-2444/2190/2503

APPROVED:

_____
Brendan R. McGuire, Chief
Terrorism and International Narcotics Unit

AGREED AND CONSENTED TO:

_____                    March 11, 2016
Evgeny Buryakov                             Date

APPROVED:

_____                    March 11, 2016
Scott Hershman, Esq.                        Date
Attorney for the defendant