g5p2burS kjc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                            15 Cr. 73(RMB)

5   EVGENY BURYAKOV,

6              Defendant.

7   ------------------------------x

8                                            May 25, 2015
                                             11:25 a.m.
9

10  Before:

11              HON. RICHARD M. BERMAN,

12                                           District Judge

13

14                        APPEARANCES

15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  BY:  STEPHEN J. RITCHIN
         BRENDAN F. QUIGLEY
18       EMIL J. BOVE, III
         Assistant United States Attorneys
19

20  WHITE & CASE
         Attorneys for Defendant
21  BY:  SCOTT E. HERSHMAN
         DANIEL LEVIN
22       KIMBERLY A. HAVIV

23

24

25

g5p2burS kjc

1        THE COURT:  So, as you are aware, we are here today

2  for sentencing.

3        Some preliminary matters.  First, we have, as usual, a

4  standby Russian language interpreter, who I don't believe

5  Mr. Buryakov has needed, but that person is here today.

6        It is okay, Mr. Hershman, to proceed in English?

7        MR. HERSHMAN:  Yes, your Honor.

8        THE COURT:  Unless and until you tell me, the

9  interpreter won't be interpreting.  Is that the way you want to

10  do it?

11        MR. HERSHMAN:  That's fine, yes.

12        THE COURT:  Okay.  So then I have been handed a

13  document for me to sign which is called an order of removal,

14  which I have signed incidentally.  It is based, in large

15  measure, on a document that Mr. Buryakov and you, Mr. Hershman,

16  signed just a few minutes ago, which is called Defendant's Plea

17  Statement in Support of Judicial Removal.  Both of those

18  documents speak for themselves -- they will be part of the

19  docket -- but I will just run through what they are.

20        So, in the Defendant's Plea Statement in Support of

21  Judicial Removal, Mr. Buryakov says that he has, among other

22  things, received a Notice of Intent to Request Judicial

23  Removal, which is dated May 18, 2016.  So he has that notice.

24  He also says that he received Factual Allegations in Support of

25  Judicial Removal on or about May 18, and there he says he

g5p2burS kjc

1    hereby waives his right to have the allegation served 30 days

2    prior to sentencing.

3             He goes on to say that his rights in connection with a

4    judicial removal proceeding were fully explained to him by,

5    among other persons, yourself, Mr. Hershman; and he says that,

6    after consulting with counsel and understanding the legal

7    consequences of doing so, that he knowingly and voluntarily

8    waives the right to the notice and hearing provided for in the

9    relevant section of 18 U.S.C. § 1228(c)(2); and that he further

10   waives any and all rights to appeal, reopen, reconsider, or

11   otherwise challenge this order.

12            He also goes on to say that he understands and

13   knowingly waives his right to a hearing before an immigration

14   judge or any other authority under the INA on the question of

15   his removability from the United States.

16            He goes on to say that he hereby admits that all of

17   the factual allegations set forth in the allegation section are

18   true and correct, and he goes on to concede that he is

19   removable from the United States as an alien who is present in

20   the United States in violation of a certain section of the INA

21   or any other law of the United States or whose nonimmigrant

22   visa has been revoked.

23            He goes on to say that he waives any and all rights he

24   may have to relief for protection from removal, deportation, or

25   exclusion, and he goes on to describe in more detail what those

g5p2burS kjc

1    rights are.

2           He goes on to agree that there be the entry of a

3    stipulated judicial order of removal, which is the document

4    that I signed dated May 25, which I did after having reviewed

5    this document that I am summarizing now.

6           He consents to the introduction of this statement,

7    namely, his statement, as an exhibit in the record of these

8    judicial proceedings, and he also agrees to assist the United

9    States Immigration and Customs Enforcement in the execution of

10   his removal, and particularly in the procurement of any travel,

11   identity, or other documents necessary for that removal.  And

12   he concedes that the entry of this judicial order of removal

13   renders him permanently inadmissible to the United States.

14          And, finally -- this is a summary -- he accepts a

15   written order issued by this court for his removal from the

16   United States and waives any and all rights to challenge any

17   provision of this agreement in any U.S. or foreign court or

18   tribunal.

19          Does anybody want to comment or supplement my summary

20   of either of these documents?

21          MR. HERSHMAN:  No; it's fair.

22          THE COURT:  Is that okay with you?

23          MR. RITCHIN:  That's fine with the government.

24          THE COURT:  So those documents, as I say, will be

25   exhibits to this proceeding, and now we are going to move to

g5p2burS kjc

1   sentencing.

2          So how I usually do sentencing is I usually, and I

3   will, review what I consider to be the pertinent factors at 18

4   United States Code § 3553(a).  This will be a little bit longer

5   than usual because the parties, that is to say, defense counsel

6   and the government, seem to have a different take on some of

7   the facts that have transpired here.  We will deal with that

8   after I summarize those differences as best I can and allow you

9   to make comments about that.  So that is stage one.

10         Stage two will be I will summarize what I am planning

11  to do, what sentence I am planning to impose.

12         And, finally, the third stage, I will impose the

13  sentence, at which point I will ask Mr. Buryakov to stand for

14  that.

15         And all along the way, counsel will have the

16  opportunity to comment.

17         In sentencing a defendant, following the changes as a

18  result of Supreme Court decisions in *Gall v. United States*,

19  that's a 2007 case; and also in *Kimbrough v. United States*,

20  another 2007 Supreme Court case; also *Booker*, *United States v.*

21  *Booker*, a 2005 Supreme Court case; and also as guided by

22  decisions of our Second Circuit Court of Appeals in the *Crosby*

23  case, 2005, and in the *Regalado* case, 2008, we know that the

24  United States Sentencing Guidelines are no longer mandatory

25  here -- as we will discuss in a few minutes, there is not a

g5p2burS kjc

1    sentencing guideline -- but there is a sentence agreed to by

2    both the defense and the government.

3          What courts do in fashioning a sentence in light of

4    those Supreme Court decisions is to review factors found at 18

5    United States Code § 3553(a) and which, as I say, I have done

6    before coming out on the bench today.  Those factors include

7    the nature and the circumstances of the offense or crime; the

8    history and characteristics of the defendant; the need for the

9    sentence to accomplish certain objectives, which are these,

10   reflecting the seriousness of the offense, promoting respect

11   for the law, providing a just punishment, affording adequate

12   deterrence to criminal conduct, protecting the public from

13   further crimes, providing the defendant with needed educational

14   or vocational training, medical care, or other correctional

15   treatment in the most effective manner.  In doing that, I will

16   look at the kinds of sentences available, the kinds of

17   sentences and the sentencing range established in the

18   sentencing guidelines typically that would be relevant here.

19   There does not appear to be a sentencing guidelines for this

20   offense.  I look at any policy statements issued by the United

21   States Sentencing Commission, if any there were that applied;

22   seek to avoid unwarranted sentence disparities among similarly

23   situated defendants; and, in appropriate cases, provide for

24   restitution.

25          So, as I say preliminarily, there does not appear to

g5p2burS kjc

1    be an applicable guideline range for this offense, nor is there

2    what we call an offense level.  As far as criminal history

3    category is concerned, it appears to be I.  There are no

4    reported prior offenses.

5         When you review these factors as they apply to this

6    case, the following stands out:  On or about March 11, 2016,

7    Mr. Buryakov pled guilty to conspiring to act in the United

8    States as an agent of a foreign government, in this case the

9    Russian Federation, without prior notification to the United

10   States Attorney General.  This plea was accepted by me on that

11   date, March 11, 2016.

12        Mr. Buryakov pled guilty pursuant to a plea agreement,

13   which was dated March 9, 2016.  Indeed, it's my recollection

14   that the plea came about as we were approaching a trial date in

15   this matter which was obviated by the plea and plea agreement.

16        In the plea agreement, both the defense and the

17   government agreed that the appropriate sentence in this case is

18   30 months of imprisonment.  The parties also agreed that the

19   applicable range for any fine is $10,000 to $100,000.  The

20   parties also agreed that neither what we call a downward nor an

21   upward departure from the stipulated sentence of 30 months'

22   imprisonment was warranted and that neither party would seek

23   such a departure or suggest to the probation office or to the

24   court that it consider such a departure or adjustment in

25   sentence.  The parties further agreed that they would not seek

g5p2burS kjc

1    a sentence other than this stipulated sentence of 30 months,

2    nor would they suggest in any way that the probation or the

3    court consider a sentence other than the stipulated sentence.

4            Mr. Buryakov also agreed that his entry of a guilty

5    plea to the charged offense authorized the sentencing court to

6    impose a sentence up to and including the statutory maximum

7    sentence, which is five years of imprisonment.

8            Mr. Buryakov is 41 years of age.  He is married, has

9    two minor children.  He is, as I mentioned before, a citizen of

10   the Russian Federation.  He has reported some medical issues

11   related to vision.  He attended school in Russia, where he

12   received what I interpret to be the United States equivalent of

13   a bachelor's degree.  He is fluent in English, although, as we

14   said at the outset, in an abundance of caution, I have provided

15   for a Russian interpreter to be present throughout these

16   proceedings.

17           He is employed by what we are referring to as VEB --

18   the full name is Vnesheconombank -- and has been from December

19   2002 through January 2015.

20           The probation department states that Mr. Buryakov

21   completed a financial affidavit in which he reported assets he

22   owns in Russia.  Probation noted, however, that in February

23   2015, Mr. Buryakov transferred $20,000 to a jointly held bank

24   account in Russia and that in April 2015, he possessed a

25   Cadillac SRX which was auctioned for $17,000 cash, and the

g5p2burS kjc

1    $17,000 cash was transferred to an individual bank account in

2    Russia.

3            Probation has stated that defendant said he was a 25

4    percent shareholder in a residential apartment in Russia which

5    is valued at $50,000 according to the probation report.

6    Probation also said it was unclear to them whether the $50,000

7    is the value of Mr. Buryakov's share or the value of the

8    apartment overall.

9            Defense -- incidentally, this will come up as an

10   issue -- opposes the imposition of a fine and states that

11   Mr. Buryakov has no income, earning capacity, or financial

12   resources in the United States, and that any fine, therefore,

13   would impose a substantial hardship on him.

14           The government notes that, pursuant to United States

15   Sentencing Guidelines 5E1.2(a), the court shall impose a fine

16   in all cases except where the defendant establishes he is

17   unable to pay and is not likely to become able to pay any fine.

18           The government adds that defendant is a college

19   graduate who worked as a banker until his arrest and earned a

20   monthly salary of $17,000, or approximately $204,000 per year;

21   and that if the agreed-upon sentence is imposed, he will be 42

22   years old when he is released, and this is a quote from the

23   government "presumably with decades of earning potential ahead

24   of him."

25           The presentence investigation report notes that

g5p2burS kjc

1     Mr. Buryakov objects to some information contained throughout

2     the presentence investigation report relating to references

3     that he is or is alleged to be an agent of the SVR.  Probation

4     states that the information it has included in the offense

5     conduct section of its report was provided by the government

6     and, according to the government, is accurate.

7          According to probation, defense counsel advised

8     probation that, "Under the federal rules, the court need not

9     resolve these factual disputes because the government has

10    agreed that 30 months is the appropriate sentence, even

11    assuming all of these allegations are true."

12         By submission dated May 11, 2016, the defense states,

13    among other things, that the agreed-upon sentence is 30 months

14    and that it is "fully supported by sentencing factors under 18

15    United States Code § 3553, which govern in the absence of an

16    applicable guideline sentence."

17         Defense counsel also states that "the agreed sentence

18    is appropriate even assuming, *arguendo*, the government's most

19    serious factual allegations, namely, that Mr. Buryakov was an

20    SVR agent."

21         The defense states that the original indictment and

22    complaint presented Mr. Buryakov as an alleged agent of the

23    Russian intelligence service -- what I have been referring to

24    as "SVR," that is the Russian intelligence service -- who

25    engaged in spying over an extended period of time in the United

g5p2burS kjc

1   States, and that the superseding indictment in this matter

2   removed any references to the SVR, defendant's status as an SVR

3   agent, or defendant's use of tradecraft of any kind.

4           In his plea allocution, Mr. Buryakov stated the

5   following, I quote it here again because of this seeming

6   disagreement between the defense and the government.

7   Mr. Buryakov stated, "I knowingly agreed with Igor Sporyshev,

8   who I knew to be an official of the Russian Federation, namely,

9   an official with the New York Office of the Trade Mission of

10  the Russian Federation, that I would take certain actions in

11  the United States at Mr. Sporyshev's direction without my

12  having provided notification as an agent of the Russian

13  Federation, as required, to the U.S. Attorney General.  In

14  furtherance of said agreement, in the Southern District of New

15  York, on or about May 21, 2013, I used a telephone to speak

16  with Mr. Sporyshev about information that Mr. Sporyshev

17  wanted."  That's a section of the plea transcript that I have

18  quoted.

19          Defense argues in its submission that the government's

20  case against Mr. Buryakov changed markedly since the complaint

21  in this case was filed and that the presentence investigation

22  report incorrectly accepted the original complaint at face

23  value and ignored subsequent pleadings and actual evidence.

24          The defense also submitted letters.  By the way, in

25  that connection, I think just today another letter on

g5p2burS kjc

1    Mr. Buryakov's behalf was submitted from his employer, his boss

2    at the bank.  These are letters from Mr. Buryakov's family and

3    a friend, Reverend Ioann Lapidus, archpriest of the Russian

4    Orthodox Church, in support of Mr. Buryakov.

5          Mr. Buryakov's wife has submitted a letter.  In that

6    letter she apologizes for her English, which of course is not

7    her first language, and that letter, I think, is accompanied by

8    a Russian language counterpart.

9          Defendant's children submitted a joint letter in

10   English requesting that their father return home soon.

11         Mr. Buryakov's parents submitted a joint letter

12   describing what a wonderful son he has been to them and how he

13   had been described by his teachers as naturally gifted at

14   learning foreign languages, especially English.  His parents

15   also noted that Mr. Buryakov has two university degrees.  In

16   her letter, defendant's mother explains that she had been

17   residing in Tunisia with her husband, who is employed with the

18   Russian Embassy in Tunisia, but that she returned to Russia to

19   take care of defendant's children, as Mr. Buryakov's wife had

20   to work full-time.  I believe we have previously learned that

21   she works as an attorney.

22         So here, the reference I made before to some

23   disagreement, here is what the government has to say.  The

24   government submission is dated May 18, 2016.  There is no

25   disagreement as to the sentence.  They, both defense and the

g5p2burS kjc

1    government, seek the agreed-to 30-month sentence of

2    incarceration.  But, among other things, the government notes

3    that Mr. Buryakov in his sentencing submission has attempted, I

4    guess you would say, to minimize the seriousness of his offense

5    conduct and has not devoted a word in his submission to "any

6    expression of remorse or contrition for his crime."  That's

7    from the government's submission.

8         The government goes on to say that, "As an initial

9    matter, the defendant admitted to conspiring with codefendant

10   Igor Sporyshev to act as an agent of the Russian Federation in

11   the United States.  There can be no serious question that

12   Sporyshev was an SVR agent."  The government also states,

13   "Repeatedly and over a significant period of time, the

14   defendant, Mr. Buryakov, responded to taskings from Sporyshev.

15   The defendant also made at least one proposal to Sporyshev with

16   respect to actions that the SVR should take.  The defendant

17   also took direction from Sporyshev about with whom he should

18   meet in the United States while gathering information of value

19   to Russia.  Moreover" -- this is, again, all from the

20   government's submission -- "the defendant's coconspirator

21   Podobnyy expressly described the defendant as an employee of

22   the SVR," from the government's submission.

23        The government goes on to say that "the defendant's

24   argument that the court should conclude that the government was

25   not going to approve the defendant's use of espionage

g5p2burS kjc

tradecraft, because the case agent who swore to the allegations
in the complaint was allegedly deleted from the case, is both
wrong and based on false statements.  The government intended
throughout to call the case agent as a fact witness at trial
and never suggested otherwise."

        And additionally, the government states "The
defendant's speculation that the differences between the
initial and superseding indictments reflect the government's
doubt about allegations in prior charging documents about the
SVR, the defendant's status as an agent of the SVR, and his use
of tradecraft is similarly baseless."

        Finally, the government states, "In sum, the
defendant's arguments about the seriousness of this conduct are
meritless.  His decision to make those meritless arguments,
while at the same time expressing no remorse at all for the
crime to which he has pled guilty, sheds light on the
characteristics of the defendant."

        And the government also states that the agreed-upon
sentence is fully warranted and should be imposed.

        So the question I would ask, in light of this
disagreement, which is descriptive -- there is no disagreement
with respect to the sentence -- is whether either the
government or defense counsel wishes to have me conduct a
hearing to further reconcile those differences, or is it
adequate just to leave the record as I have described it and as

g5p2burS kjc

1    they may wish to orally supplement it?

2            MR. HERSHMAN:  From our perspective there is no need

3    for a hearing, your Honor.  As you indicated earlier, we

4    believe there are no factual disputes that need to be resolved

5    today at all.

6            MR. RITCHIN:  Your Honor, the government stands by its

7    description of the facts, but I think in light of the

8    agreed-upon sentence, which has been agreed upon by both

9    parties, the court could proceed.

10           THE COURT:  Okay.

11           I have also reviewed the presentence investigation

12   report in this case which is dated May 18, 2016, together with

13   the addendum of that date and the sentencing recommendation of

14   that date, and also correspondence dated, as I alluded to

15   before, May 11, 2016 from Mr. Hershman and May 18, 2016 from

16   AUSA Bove.

17           Mr. Hershman, I would ask you if you and Mr. Buryakov

18   have had the opportunity to read and discuss these presentence

19   materials?

20           THE DEFENDANT:  Yes, your Honor, we have.

21           THE COURT:  Mr. Buryakov, you went over those

22   materials with Mr. Hershman?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  And do either of you have any further

25   objections other than I may have noted or you have in your

g5p2burS kjc

1  submissions to the presentence report?

2          MR. HERSHMAN:  No, your Honor, none.

3          THE COURT:  Mr. Buryakov?

4          THE DEFENDANT:  No.

5          THE COURT:  How about the government?

6          MR. RITCHIN:  No, your Honor.

7          THE COURT:  So our practice is to return that report

8  to probation, which I do.

9          It is my intention to honor the parties' agreement and

10 sentence at 30 months.  I am happy to hear at this time, if

11 they wish to be heard, from Mr. Hershman, Mr. Buryakov, and the

12 government.

13         MR. HERSHMAN:  We have nothing to add to our

14 submissions, your Honor.  Thank you very much.

15         THE COURT:  You bet.

16         Mr. Buryakov, anything further?

17         THE DEFENDANT:  No, your Honor.

18         THE COURT:  Anything from the government?

19         MR. RITCHIN:  Your Honor, the court has summarized the

20 government's position and the facts which we think make the

21 sentence fully warranted, so I won't burden either the record

22 or the court's time repeating them.

23         THE COURT:  I take it both sides are content with the

24 summaries as I have presented them?

25         MR. HERSHMAN:  Yes.

g5p2burS kjc

1          MR. RITCHIN:  Yes, your Honor.

2          THE COURT:  Okay.  Then I am going to adopt the

3    findings of fact in the presentence investigation report,

4    unless there is further objection from defense counsel first?

5          MR. HERSHMAN:  Nothing more than what we have already

6    submitted.

7          THE COURT:  Or Mr. Buryakov.

8          THE DEFENDANT:  No, your Honor?

9          THE COURT:  Or Mr. Ritchin.

10          MR. RITCHIN:  The government has no objection.

11          THE COURT:  Let me preview the sentence, and then I

12    will impose it, just to give you an opportunity to be heard

13    further.

14          I intend to impose the sentence as stated of 30 months

15    of incarceration.  As I have said, there is no guideline range

16    here, no offense level.  It appears to be a criminal history

17    category of I.  This is my practice.  I do intend to impose a

18    term of supervised release of three years following

19    imprisonment, although I recognize that, and based on what we

20    said at the outset, no supervision will come into play likely

21    in this matter because Mr. Buryakov will be deported.

22          If there were any supervision here that were to come

23    into play, it would be subject to the mandatory conditions that

24    Mr. Buryakov not commit another federal, state, or local crime;

25    that he not illegally possess a controlled substance; that he

g5p2burS kjc

1    not possess a firearm, dangerous weapon, or destructive device;

2    and that at the refrain from any unlawful use of a controlled

3    substance.  By the way, I am not suggesting that there is a

4    controlled substance issue here.  These are mandatory

5    conditions.

6            The defendant shall refrain from any unlawful use of a

7    controlled substance, he shall submit to one drug test within

8    15 days of placement on any supervision, supervised release,

9    and at least two unscheduled drug tests thereafter as may be

10   directed by the probation officer.

11           In addition, he is required to comply with what are

12   called standard conditions 1 through 13, plus these special

13   conditions: that if he were to participate in supervision in

14   the United States, that would be in his district of residence.

15   If he were released in the United States, which is unlikely, he

16   would be required to report to probation within 48 hours of any

17   release.  He will be required to cooperate with the Department

18   of Homeland Security, Bureau of Citizenship and Immigration

19   Services in connection with any proceedings to determine his

20   status in the United States and abide by their rules and

21   regulations.  That aspect may have been superseded by the order

22   that I signed earlier today.

23           There is an issue about a fine.  I am happy to hear

24   from people on this.  As you heard, there is a disagreement

25   between the government and the defense.  It is my intention to

g5p2burS   kjc

1    impose a fine in the amount of $10,000 payable within six

2    months of release from custody.  You will recall that the

3    parties stipulated that the fine range in this case was 10 to

4    $100,000.  The probation department recommended a $10,000 fine.

5    I am going along with that recommendation -- I do think that's

6    appropriate -- although I have given Mr. Buryakov six months to

7    pay the fine as opposed to 60 days suggested by probation.

8            I do not intend to impose restitution.  There is no

9    victim within the meaning of 18 United States Code § 3663 or

10   18 U.S.C. 3663(a).  In considering the financial penalties --

11   in this case, the fine -- I have considered the factors set

12   forth at 18 United States Code § 3663(a)(1)(B)(i) or 18 U.S.C.

13   § 3664.  Those factors typically apply to restitution, but I

14   have used them as a guide to come up with the analysis with

15   respect to fine, just as a guide.

16           I also intend to impose a $100 special assessment,

17   which is mandatory and due immediately under 18 United States

18   Code § 3013.

19           Briefly, the reasons for that sentence are,

20   notwithstanding that there is no sentencing guidelines offense

21   level, that there does appear to be a criminal history category

22   of I and that, as stated, there is no guideline range.  In lieu

23   of that, the parties have agreed, by plea agreement dated March

24   9, 2014, that 30 months' imprisonment is the appropriate

25   sentence; and I agree that that is the appropriate sentence

g5p2burS kjc

1    given the factors at 18 U.S.C. § 3553(a), including the

2    seriousness of the offense, the need for punishment and

3    deterrence, the nature and circumstance of the offense, the

4    history and characteristics of Mr. Buryakov.  I do think this

5    sentence reflects the seriousness of the offense.  I think it

6    helps promote respect for the law, provides a just punishment

7    affords adequate deterrence, and helps protect the public.

8           So that's the proposed sentence.  If defense counsel,

9    Mr. Buryakov, or the government wishes to be heard before I

10   actually pronounce the sentence, this would be a good time.

11          MR. HERSHMAN:  Your Honor, simply, on behalf of the

12   defense, we would ask the court, if it is appropriate now, that

13   Mr. Buryakov would like to be recommended to Fort Dix.

14          THE COURT:  I will come to that.

15          MR. HERSHMAN:  Okay.  Then I will wait.

16          THE COURT:  When that time comes, I will make that

17   recommendation.

18          MR. HERSHMAN:  Premature.  I thought it may be

19   premature.  It was.  Other than that, no.

20          THE COURT:  Okay.  What about Mr. Buryakov, anything?

21          THE DEFENDANT:  No.

22          THE COURT:  Or how about the government?

23          MR. RITCHIN:  Nothing from the government.

24          THE COURT:  Then I would ask Mr. Buryakov to stand.

25          I will say, the one difference, as I pointed out, a

g5p2burS kjc

1    difference between the parties about the fine, to me one of the

2    central factors was his earning power historically -- there

3    didn't seem to be any dispute that he had been earning $204,000

4    a year -- also his relatively young age and his potential

5    earning power going forward, so I think that that fine of

6    $10,000, at the low end of the guideline range, is totally

7    appropriate.

8            So having considered the factors at 18 United States

9    Code § 3553(a), it is my judgment that defendant, Evgeny

10   Buryakov, be committed to the custody of the Bureau of Prisons

11   to be imprisoned for a term of 30 months with, of course,

12   credit for time already served.  That would be followed by a

13   period of supervised release of three years, assuming that any

14   supervision in the United States were to happen.  It seems

15   unlikely.  And that would be subject to those mandatory and

16   special conditions that I mentioned before and incorporate here

17   by reference.  A fine of $10,000 payable within six months of

18   his release from custody, no restitution, a $100 special

19   assessment which is mandatory and due immediately.

20           As for the reasons for the sentence, I mentioned them

21   earlier, and particularly with reference to the factors at

22   18 U.S.C. § 3553(a), and I incorporate that discussion here.

23           I would ask at this time does either counsel know of

24   any legal reason why the sentence should not be imposed as so

25   stated?

g5p2burS kjc

1          MR. HERSHMAN:  No, your Honor.

2          MR. RITCHIN:  No, your Honor.

3          THE COURT:  Then I hereby order the sentence to be

4     imposed as so stated.

5          Mr. Buryakov, to the extent that you have not already

6     waived your appeal rights -- and of course now I am referring

7     to the plea agreement dated March 9, 2016, which in fact

8     includes a series of waivers of appeal rights as follows, in

9     that plea agreement, which I think was actually signed on March

10    11, 2016, you agree that you would not file a direct appeal,

11    you also waived your right to bring what's called a collateral

12    challenge, including but not limited to an application under 28

13    United States Code § 2255 and/or 2241.  You also waived your

14    right to seek a sentence modification under 18 U.S.C. § 3582(c)

15    of any sentence that is at or below the stipulated sentence of

16    30 months of imprisonment, and this sentence is exactly that

17    number, so these waivers apply.

18         You also waived your right to appeal any term of

19    supervised release that is less than or equal to the statutory

20    maximum of three years.  Again, that waiver applies because the

21    term of supervision is three years.

22         You also agree not to appeal any fine that is less

23    than or equal to $100,000, and that fine that I imposed is much

24    less than that, so that waiver applies.

25         You also agreed not to challenge your conviction or

g5p2burS kjc

1   sentence on direct appeal or through litigation under 28 United

2   States Code § 2255 and/or 2241 on the basis of any actual or

3   perceived adverse immigration consequence, including a

4   deportation that might result from your guilty plea and

5   conviction and sentence.

6          But to the extent that there are other rights that I

7   have not mentioned or thought of, I notify you that you have

8   the right to appeal those.  If you are unable to pay the costs

9   of an appeal, you have the right to apply for leave to appeal

10  *in forma pauperis*; and, if you request, the clerk of court will

11  prepare and file a notice of appeal on your behalf immediately.

12         So I would ask you, Mr. Buryakov, if you understand

13  your appeal rights, including the waivers of appeal that I have

14  summarized.

15         THE DEFENDANT:  Yes, I do, your Honor.

16         THE COURT:  Are there any aspects of the case the

17  government was seeking to dismiss or resolve at this time?

18         MR. RITCHIN:  Yes, your Honor.  We would like to move

19  to dismiss the open counts at this time.

20         THE COURT:  That application is granted.

21         Starting with the government, did you wish to add

22  anything to today's proceeding?

23         MR. RITCHIN:  No, your Honor.

24         THE COURT:  Mr. Hershman, if you want to make that

25  recommendation now, I am happy to entertain it.

g5p2burS kjc

1          MR. HERSHMAN:  Okay, yeah, I will try again.

2          Your Honor, we would ask that the court recommend to

3   the Bureau of Prisons that Mr. Buryakov serve the remaining

4   sentence at Fort Dix.

5          THE COURT:  I will make that recommendation.  You and

6   Mr. Buryakov know that the court can only recommend in such a

7   situation, but I am happy to include that.

8          MR. HERSHMAN:  Thank you.

9          THE DEFENDANT:  Thank you.

10         THE COURT:  All right.  Well I think, then, that

11  concludes our work for today, and the sentence is concluded.

12         Thanks very much.  Nice to see you.

13                           - - -

14

15

16

17

18

19

20

21

22

23

24

25